483 So.2d 1269 (1986)
Irma Friday, wife of/and Theodore FRIDAY
v.
Timothy L. MUTZ, et al.
No. CA-3758.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
*1270 Jacqueline Mae Goldberg, New Orleans, for plaintiffs-appellants, Irma Friday, wife of/and Theodore Friday.
Thomas A. Lussen, Jr., Slidell, for defendant-appellee, Timothy L. Mutz.
Before CIACCIO, WARD and WILLIAMS, JJ.
WARD, Judge.
On the afternoon of August 23, 1982 a vehicle-carrier truck driven by Gerard Hellmers ran into the rear of a van stopped at a traffic light in the city of New Orleans. The driver of the van, Mrs. Irma Williams Friday, sustained injuries and her van was damaged. Mrs. Friday sued Hellmers and Timothy L. Mutz who is the registered owner of the truck. After a judge trial, judgment was granted against Hellmers for a total of $17,098.60 in general damages, medical expenses, and lost wages, plus costs. In his reasons for judgment, the Trial Judge stated that he believed Mrs. Friday had general damages of $25,000.00, but due to Hellmers' poverty and inability to pay, he was holding him liable for general damages of only $12,500.00. It is undisputed that Timothy Mutz was the registered owner of the truck at the time of the accident, but the Trial Judge found that the truck was purchased and registered in Mutz's name only as an accommodation to Hellmers who was unable to secure financing due to his poor credit rating. Accordingly, the judge dismissed Mrs. Friday's claim against Mutz.
Only Mrs. Friday appeals the judgment. She contends the Trial Judge erred in: 1) dismissing her claim against Mutz on the finding that he was not the actual owner of the truck; 2) finding that Mutz was not required to carry minimum liability insurance on the truck; 3) refusing to allow amendment of the petition during trial to plead the theory of respondeat superior; 4) assessing general damages of only $25,000.00; and 5) considering Hellmers' inability to pay in awarding damages. Because the Louisiana Supreme Court has recently held that it is improper to consider a defendant's inability to pay, we vacate the portion of the judgment awarding $12,500.00 in general damages. We award general damages of $25,000.00, and in all other respects, affirm the judgment.
We need not consider the merits of Mrs. Friday's first assignment of error because even if we were to find Timothy Mutz the actual owner of the truck Hellmers *1271 was driving, the judgment would not be changed. The owner of a motor vehicle is not personally liable to a tort victim for injuries occurring while his vehicle is under the control of another person unless it is shown that the driver was on a mission for the owner or that he was an agent or an employee of the owner or unless the owner was himself negligent in allowing the driver to use the vehicle. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968). The evidence in the record does not support a claim of personal liability against Mutz under any of these theories. The record only shows that, under cross-examination, Hellmers stated that he could not remember whether he was towing a car for Mutz or for someone else at the time of the accident. Mutz and Hellmers testified extensively about their work relationship, and that testimony does not prove that Hellmers was employed by Mutz. Mrs. Friday presented no evidence which showed that Mutz, even if owner of the truck, was negligent in allowing Hellmers to drive it. Accordingly, the Trial Judge correctly dismissed Mrs. Friday's claim that Mutz was liable as owner of the truck.
The second assignment of error is predicated on Mrs. Friday's theory that Mutz, as the registered owner, was required to procure liability insurance and therefore is liable for the minimum amount of insurance required by law. The Trial Judge stated that if Mutz were the "actual owner", he would be liable to the extent of the statutory duty to insure, $5,000.00. But, because the Trial Judge found that Mutz was not the owner of the truck, he found that he was not required to carry minimum liability insurance as required of "registered owners" by La.R.S. 32:861(A).
We do not believe that Louisiana's Compulsory Motor Vehicle Liability Security Law provides a basis for civil liability of the owner of an uninsured vehicle to an injured third party. The statute establishes penalties for registered owners who do not insure their vehicles. La.R.S. 32:863-865. The enumerated penalties do not include liability to victims of accidents caused by uninsured vehicles. Had the Legislature intended to create such liability, we believe it would have been specifically provided for in the statute. We disagree with the Trial Judge's conclusion that Mutz, the registered owner of the truck, was not required to insure it. Nonetheless, we will not read into the statute, as did the Trial Judge, a provision that registered owners who do not insure their vehicles will be liable to injured parties for damages up to the amount of the compulsory insurance. Hence, although we disagree with the Trial Court's conclusions, it does not change our holding that Mutz is not liable.
In her third assignment of error, Mrs. Friday contends that the Trial Judge should have allowed her to amend her petition to allege Mutz's liability on a theory of respondeat superior. Mrs. Friday's counsel made a motion to amend during Hellmers' trial testimony concerning his work relationship with Mutz's automobile storage company. Counsel for Mutz objected to the amendment and the Trial Judge sustained the objection, stating that denial of the motion was required by a "balance [of the] equities of a new theory coming in at the time it does, compared to the inevitable necessity of a continuance."
The right of a party to substantially amend pleadings during trial is a matter within the discretion of the presiding judge. La.C.C.P. Art. 1151; McCall v. United Bonding Insurance Co., 197 So.2d 400 (La.App. 4th Cir.1967). Generally, when an amendment presents a new claim or defense which takes the opposing party by surprise, a continuance must be allowed. The record shows that a year and a half elapsed between the filing of the original petition and the date of the trial in this case and that Mrs. Friday was represented by the same attorney throughout this period and that she was entitled to full discovery before trial. Under these circumstances, we find no abuse of discretion in the Trial Judge's refusal to grant Mrs. Friday leave to amend her petition during trial.
In her fourth assignment of error, Mrs. Friday contends that her general damages *1272 exceed the $25,000.00 assessed by the Trial Judge. The evidence shows that Mrs. Friday, who was 50 years old at the time of the accident, sustained cervical and lumbosacral strain with recovery complicated by pre-existing degenerative conditions. She was under the care of an orthopedic specialist and received medication and physical therapy for two years after the accident. At the time of trial, two and a half years after the accident, she was still experiencing occasional residual aches and discomfort and her physical activities were limited. Her doctor testified that these symptoms would likely continue although he could find no organic basis for them. Additionally, some four months after the accident, Mrs. Friday was referred to a neurologist who prescribed pain medication for severe but transient headaches. Mrs. Friday saw the neurologist only twice, and the headaches had ceased by the time of trial.
After reviewing this evidence, we reject Mrs. Friday's contention that $25,000.00 in general damages is "unconscionable." The assessment certainly is not an abuse of the Trial Court's great discretion. Hence, it does not warrant amendment by this Court.
Mrs. Friday's final assignment of error is that the Trial Judge erred in casting Hellmers in judgment for general damages of $12,500.00 based upon a determination that Hellmers was financially unable to pay general damages as assessed at $25,000.00.
Although the Trial Judge was correct in considering the inability to pay doctrine, in Rodriguez v. Traylor, 468 So.2d 1186 (La.1985), decided after the Trial Court's judgment, the Louisiana Supreme Court overruled the jurisprudentially established inability to pay doctrine. A change in the law brought about by a judicial decision will be given effect in judgments on direct appeal, and hence not definitive, at the time of the change. We therefore vacate the portion of the Trial Court judgment which awarded Mrs. Friday $12,500.00 and award the full $25,000.00 correctly assessed by the Trial Judge.
As thus amended, the judgment of the Trial Court is affirmed. Costs of this appeal to be paid by Appellant.
AFFIRMED AS AMENDED.