525 So.2d 59 (1988)
Debra HOLMES, Plaintiff-Appellee,
v.
James RACHAL, Jr., Defendant-Appellant.
No. 86-1304.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Van H. Kyzar, Natchitoches, for defendant-appellant.
Thomas & Dunahoe, Edwin Dunahoe, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOUCET, Judge.
Appellee, Debra Holmes, instituted this action against appellant, James Rachal, Jr., for support of her minor child, Jermy Ben-Jel Holmes. Service was had on defendant and defendant failed to make a timely appearance or file any pleadings. A preliminary default was entered and a default judgment ordering defendant to pay to plaintiff $200.00 per month, on or before the fifth day of each month, was rendered. After receiving the notice of judgment, appellant then filed a motion for a new trial which was subsequently denied. Appellant thereafter filed the instant appeal.
On appeal, appellant urges that "The trial court erred in rendering judgment in favor of the plaintiff-appellee ordering appellant to pay child support for the support of the minor child, Jermy Ben-Jel Holmes, when a review of the record reveals that the plaintiff-appellee failed to establish paternity or filiation between appellant and the minor child, or that such was even an issue." We agree.
The judgment in this case was obtained by default. La.C.C.P. art. 1702 states in pertinent part:
"A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case ..."
A prima facie case, sufficient to confirm a judgment of default, is established only when the plaintiff proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied. Perrodin v. Zander, 441 So. 2d 12 (La.App. 3rd Cir.1983), writ den. 444 So.2d 120 (La.1984).
*60 In the instant case, plaintiff, in her petition, alleged that defendant is the father of the minor child, Jermy Ben-Jel Holmes, and that defendant is able to pay $350.00 per month for the support and maintenance of the minor child.
At the hearing to confirm the default, plaintiff appeared and the only item of evidence offered in support of her position is an affidavit of her income and expenses. The minutes of the court on this day make it clear that no evidence establishing filiation was offered nor was there any evidence independent of plaintiff's testimony offered to establish paternity. Moreover, no evidence was adduced concerning defendant's financial ability to meet the minor child's needs.
Clearly, the evidence adduced in this matter did not constitute proof of the essential allegations of plaintiffs petition sufficient for the rendition of a default judgment. Therefore, the judgment of the trial court must be reversed and set aside.[1]
Accordingly, for the above and foregoing reasons, the judgment of the trial court is reversed and set aside.
REVERSED.
NOTES
[1] For further support see State v. Pierson, 490 So.2d 744 (La. 3rd Cir.1986) wherein the facts were nearly identical to the instant case and we found that the evidence adduced at the confirmation hearing did not constitute proof of the allegations of the State's petition sufficient for the rendition of a default judgment.