532 So.2d 814 (1988)
Praylen Walter DICKERSON
v.
BOOM, INC. and Claude Williams.
No. 88-CA-0180.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1988.
Writ Denied December 2, 1988.
William R. Mustian, III, Metairie, for plaintiff.
James S. Quinlivan, Jr., River Ridge, for defendants.
Before GULOTTA, C.J., and WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant Boom, Inc. ("Boom") appeals the trial court's dismissal of its exception of no cause of action and rendering judgment against Boom and in favor of Praylen Walter Dickerson.
On November 4, 1984 a 1982 Chevrolet owned by defendant, Boom and leased to Tommy Grasioza, collided with the rear of plaintiff's, Walter Praylen Dickerson, 1973 Buick. Grasioza loaned the 1982 Chevrolet to defendant, Claude Williams who was operating the vehicle at the time of the accident. The parties stipulated that the Chevrolet was not covered by any form of liability insurance.
Dickerson sustained serious injury as a result of the accident and brought suit for damages against Boom and Williams. Williams failed to answer the suit and a preliminary default was taken against him. Boom filed an exception of no cause of action alleging that its lease agreement with Grasioza placed the responsibility of purchasing liability insurance on the lessor. The court dismissed the petition against Grasioza since it was stipulated that he was the lessee of the vehicle and the Court found that La.R.S. 32:861 does not require a lessee of a vehicle to carry public liability insurance on the vehicle. The exception was dismissed with extensive written reasons. After a trial on the merits the court adopted those reasons in rendering judgment in favor of Dickerson and against *815 Williams and Boom. The judgment against Boom, Inc. was limited to the minimum amount of liability insurance required by La.R.S. 32:861 at the time of the accident, which was $10,000.00. Williams has not appealed.
On appeal, Boom argues that the trial court erred in ignoring the principle of law articulated in Friday v. Mutz, 483 So.2d 1269 (La.App. 4th Cir.1986), to wit: La.R.S. 32:861 (A) does not provide a basis for civil liability of the owner of an uninsured vehicle to an injured third party.
In the Mutz case this court held that the owner of a motor vehicle was not personally liable to tort victims for injuries occurring while his vehicle is under the control of another unless it is shown that the driver was on a mission for the owner or that the owner was himself negligent in allowing the driver to use the vehicle. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968). The trial court declined to follow the Mutz holding in deciding this case. Instead it looked to "evolving judicial interpretation" of La.R.S. 26:88(2) to determine whether or not there is a civil cause of action for a violation of La.R.S. 32:861.
We find that it was error for the trial court to take this approach. La.R.S. 26:88 concerns a prohibition of retail sales of alcohol to intoxicated persons. Under the statute there is no civil liability for the retailer if a third party is injured by the intoxicated person. However the trial court cites a series of cases in which the Supreme Court contemplated imposing civil liability on the retail dealer. Lee v. Peerless Insurance Company, 248 La. 982, 183 So.2d 328 (1966); Pence v. Ketchum, 326 So.2d 831 (1976), Thrasher v. Leggett, 373 So.2d 494 (1979). In the Thrasher decision the Supreme Court does address the issue of civil damages. It states: "Regardless of whether the prohibition of La.R.S. 26:88(2) is purely and simply criminal in nature or has attendant civil consequences the cause more proximate to an injury to an inebriated patron which results from his intoxication is the consumption of the alcohol and not the sale. There is a real element of contributory negligence implicit in this situation."
The trial court uses the Supreme Court's dicta as a basis for applying a duty/risk analysis to the facts of the present case. Such an analysis is not necessary to this issue where there is a statute and case law on point. We find that La.R.S. 32:861 offers no basis for civil liability. The only sanctions established by the statute are penalties for registered owners who do not insure their vehicles. La.R.S. 32:863-865. Applying our holding in Mutz there is no basis for civil liability because Boom, Inc. is not the employer or insurer of Williams and had no control of him whatsoever.
For the foregoing reasons we reverse the trial court's judgment.