570 So.2d 470 (1990)
Susie G. PHIPPS, et vir., Plaintiff-Appellee,
v.
Randall CHESSON, et al., Defendant-Appellant.
No. 89-514.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Rehearing Granted in Part and Denied in Part December 14, 1990.
*471 Skipper M. Drost, Sulphur, for plaintiff-appellee.
Stockwell, Sievert, Robert W. Clements, Lake Charles, for defendant-appellant.
Henry R. Liles, Lake Charles, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the trial judge was correct in confirming a default judgment in favor of the plaintiff.
Susie G. Phipps (hereinafter plaintiff) brought suit against Randall Chesson (hereinafter Chesson) as the result of an automobile accident. Plaintiff filed a first supplemental and amending petition naming McFillen Rent-A-Car, Inc. (hereinafter McFillen) and XYZ Insurance Company, as additional defendants. Plaintiff then filed a second supplemental and amending petition naming the defendant, Manufacturers Hanover Wheelcase, Inc. (hereinafter defendant), as the alleged liability insurer of McFillen. Defendant was served through its registered agent for service of process and, upon failure to timely plead or answer, a preliminary default judgment was entered against it. McFillen was dismissed from the suit on its Motion For Summary Judgment and plaintiff took no further action against Chesson.
Subsequently, plaintiff appeared in court and confirmed the preliminary default judgment against defendant. After proof was presented to confirm the preliminary default judgment, the trial court rendered judgment as prayed for in favor of plaintiff and against defendant. A formal written judgment was read and signed. Defendant timely appeals. We reverse.

FACTS
Plaintiff was involved in an automobile accident in Sulphur, Louisiana. Plaintiff alleged that her vehicle was stopped at an intersection, while waiting for the signal light to change, when Chesson, the driver of the following vehicle, failed to stop and struck plaintiff's vehicle from the rear. Plaintiff contended that she sustained injuries resulting from this automobile accident with Chesson.
After originally filing suit against Chesson, plaintiff filed a first supplemental and amending petition naming McFillen and XYZ Insurance Company, its unknown liability insurer, as additional defendants because the vehicle driven by Chesson was allegedly owned by and rented from McFillen. Plaintiff claimed that McFillen and its unknown liability insurer were liable for her damages because of their negligence in allowing Chesson to drive McFillen's rented car without appropriate insurance coverage.
Plaintiff then filed a second supplemental and amending petition naming defendant as the liability insurer of McFillen. Plaintiff claimed that defendant was liable for her injuries because it was negligent in allowing Chesson to drive the vehicle rented from McFillen without liability insurance coverage. Citation and service of process were made upon defendant through its registered agent for service of process. Upon defendant's failure to timely plead or answer plaintiff entered a preliminary default judgment against it. Plaintiff then *472 appeared in Open Court to confirm the preliminary default judgment against defendant. McFillen had been previously dismissed from the suit by a Motion For Summary Judgment and no further action had been taken by plaintiff against Chesson. After receiving evidence, the trial court rendered judgment confirming the default judgment as prayed for in favor of plaintiff and against defendant. Defendant timely appeals this default judgment.

DECISION
La.C.C.P. Art. 1702(A) provides that, "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." The Code further explains in La.C.C.P. Art. 1702(B)(2) that:
"When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment."
This court stated in connection with confirmation of a preliminary default judgment that:
"A prima facie case, sufficient to confirm a judgment of default is established only when the plaintiff proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied." (Citation omitted.) Holmes v. Rachal, 525 So.2d 59, at page 59 (La.App. 3 Cir.1988).
See also, Perrodin v. Zander, 441 So.2d 12 (La.App. 3 Cir.1983), writ den., 444 So.2d 120 (La.1984).
Defendant argues that rendition of the default judgment was improper because plaintiff did not meet her burden of establishing a prima facie case against defendant. Defendant points out that no where in the record was any evidence presented as to defendant's liability in connection with the automobile accident. Plaintiff claims in her second supplemental petition that defendant should be held liable as the insurer of McFillen, the owner of the vehicle driven by Chesson. At the hearing for the confirmation of the default judgment, no evidence was presented to establish the ownership of the vehicle driven by Chesson, to establish a rental agreement or the terms of any agreement for use of the vehicle between Chesson and McFillen, if indeed McFillen was the owner of the vehicle, or to even establish that defendant was the liability insurer of McFillen.
Plaintiff's testimony at the hearing gives no indication as to any involvement of defendant in the automobile accident. Plaintiff's entire testimony is as follows:
"Q State your name and address, please.
A Susie G. Phipps, Route 2, Box 1670, Sulphur, Louisiana.
Q Miss Phipps, is it correct that on or about August 11, of 1987, you were in an automobile accident?
A Right.
Q In the City of Sulphur, Calcasieu Parish, with a Randall Chesson?
A Right.
Q Is it correct that you sustained serious injury in connection with that accident?
A Yes, sir.
MR. DROST: Your Honor, in connection with that testimony, I would offer, introduce and file into evidence, marked P-1 in globo, medical reports received from Dr. Drez, Dr. Foret and Dr. Bernauer, in connection with the injuries sustained by Miss Phipps.
THE COURT: Let the offerings be received.
Q Is it correct, Miss Phipps, that you and your husband also incurred extensive medical bills in connection with your injuries, as well as cost of repairs to your automobile?
A Right.
MR. DROST: Your Honor, in connection with that testimony, I would offer, introduce and file into evidence, marked P-2 in globo, the original medical *473 bills incurred by both Mrs. Phipps and her husband in connection with this accident.
THE COURT: Let the offering be received.
Q And you're asking this Court, Miss Phipps, for judgment as prayed for in your original petition for damages, medical expenses, and property damage?
A Right.
MR. DROST: No further questions, Your Honor.
THE COURT: Thank you. You may step down.
(Witness excused.)
MR. DROST: That's all I have, Your Honor. We ask for judgment as prayed for."
This court held in Perrodin v. Southern Siding Company, Inc., 524 So.2d 885 (La. App. 3 Cir.1988), that:
"[I]t is essential that a default judgment must be supported by the law and evidence; if any portion of a default judgment is not supported by the law and evidence, that portion must be stricken." Perrodin v. Southern Siding Company, Inc., 524 So.2d 885, at page 890 (La.App. 3 Cir.1988).
Plaintiff asserts that because she testified at the confirmation hearing her testimony alone is enough to establish a prima facie case and, thus, the judgment against defendant should be affirmed.
Plaintiff overlooks that the only facts she testified to were that an auto accident occurred with Chesson and that she sustained injuries. Nowhere in plaintiff's testimony or anywhere else in the record does plaintiff introduce any evidence as to defendant's liability in this suit, or defendant's relationship with either McFillen or Chesson. We note that the negligence of a lessee, in the exclusive physical control of the object of the lease, cannot be imputed to the lessor. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Washington v. Stephens Leasing, Inc., 540 So.2d 433 (La.App. 1 Cir.1989). We also note that Louisiana's Compulsory Motor Vehicle Liability Law does not provide a basis for civil liability of the owner of an uninsured vehicle to an injured third party. Dickerson v. Boom, Inc., 532 So.2d 814 (La.App. 4 Cir.1988), writ den., 533 So.2d 378 (La.1988); Friday v. Mutz, 483 So.2d 1269 (La.App. 4 Cir.1986). An owner of a motor vehicle is not personally liable to a third party for injuries occurring while his vehicle is under the control of another person unless it is shown that the driver was on a mission for the owner, the driver was an agent or employee of the owner, or that the owner was himself negligent in allowing the driver to use the vehicle. Dickerson v. Boom, Inc., supra; Friday v. Mutz, supra; Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968). The Louisiana Supreme Court has held that at the hearing of a confirmation of a default judgment, "[t]he plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." Thibodeaux v. Burton, 538 So.2d 1001, at page 1004 (La.1989).
Clearly, since plaintiff did not submit any evidence in this matter which constituted proof of defendant's negligence or fault, or of the violation of any duty owed by defendant, plaintiff did not establish a prima facie case against defendant sufficient for confirmation of a preliminary default judgment against it. Thus, we find that the trial court was clearly wrong and manifestly in error in rendering judgment confirming the preliminary default judgment as prayed for in favor of plaintiff and against defendant.
For these reasons, the judgment of the trial court is reversed. All costs of the trial and appellate courts are taxed against plaintiff-appellee.
REVERSED.

ON REHEARING
PER CURIAM.
Plaintiff-appellee, Susie G. Phipps and her husband, request a rehearing for clarification of our November 7, 1990 opinion. Appellate courts have the power to *474 correct their judgment without the necessity of granting a rehearing to do so. State, Dept. of Highways v. Eubanks, 345 So.2d 533 (La.App. 3 Cir.1977).
In our original opinion herein a typographical error was made in the spelling of the name of one of the defendants; that defendant was erroneously referred to as the alleged liability insurer of another defendant, McFillen Rent-A-Car, Inc., rather than an additional defendant; and our decree did not fully dispose of the matter. For these reasons, we grant the Motion For Rehearing of plaintiff-appellee, only for the limited purpose of clarifying these matters, and amend our original opinion to show the correct name of one of the defendants as Manufacturers Hanover Wheelease, Inc.; to show that Manufacturures Hanover Wheelease, Inc. was an additional defendant with the other defendant, McFillen Rent-A-Car, Inc., rather than its liability insurer; and to amend our decree to remand the matter to the trial court for further proceedings consistent with our original opinion. In all other respects our original opinion is affirmed and the Motion For Rehearing of plaintiff-appellee is denied.