WOODARD, Judge.
This is a suit for damages that plaintiff, Russell P. Segura, suffered when a driver-less vehicle registered in the name of defendant, Ronald D. Andries, rolled into the street and struck plaintiffs trailer as he was driving by.
Plaintiff asserts the following errors on appeal: (1) the trial court erred when it ex parte denied plaintiff’s motion for a continuance of a hearing on a motion for summary judgment; (2) the trial court erred in denying plaintiff’s motion for continuance of trial; (3) the trial court erred in denying plaintiff’s motion for recusation of the trial judge; (4) the trial court erred in granting defendant’s motion for directed verdict; and (5) the trial court erred in denying plaintiff’s motion for a new trial.
FACTS
Plaintiff was travelling down a street in Alexandria, La. on November 23, 1987, when a driverless vehicle rolled out of a parking lot and into the street. The vehicle struck plaintiff’s trailer, causing injury to the plaintiff and damage to his property. The registered owner of the vehicle was defendant, Ronald Andries, but the car was purchased for the use of his daughter, Monya Andries. Defendant testified that Monya was visiting his office on the day of the accident and it was she who had parked the car in the parking lot before it rolled out into the street.
Plaintiff filed a petition on September 28, 1988 alleging that defendant was the owner of the driverless vehicle. He then filed two supplemental and amending petitions, the first seeking reasonable damages instead of a specified amount, and the second alleging negligence on the part of defendant, Ronald Andries. On June 12, 1990, the case was called for jury trial. When no one appeared on behalf of the plaintiff, the suit was dismissed. Plaintiff filed a motion for nullity of judgment, a motion for new trial and a motion to set aside the judgment of dismissal. A judgment granting a new trial was signed on August 1, 1990. The case was scheduled for jury trial on June 11, 1991.
Defendant was deposed on April 1, 1991, and it was at this time plaintiff first realized it was defendant’s daughter, Monya, who actually used the car and was driving it on the day of the accident. Forty-five days later, on May 15,1991, plaintiff filed a third supplemental and amending petition seeking to name “Tanya Andries” as an additional defendant. There were no allegations of negligence; the petition merely alleged that she was the driver of the vehicle on the date of the accident.
On May 23, 1991, plaintiff filed a motion for continuance of the hearing on his motion for partial summary judgment and a motion for continuance of the trial. Both motions were denied. The motion for partial summary judgment was heard on June 10, 1991, and it was also denied.
On the same day, plaintiff filed a motion for recusation of the trial judge. This motion was heard and denied on the morning of June 11, 1991, and the case was called for jury trial that afternoon. Plaintiff presented all of his evidence and defendant moved for a directed verdict. The trial court granted the directed verdict and rendered judgment dismissing plaintiff’s suit. Plaintiff then filed a motion for a new trial, which was denied on July 15, 1991.
Plaintiff appeals the judgment dismissing his lawsuit, as well as the trial court’s denial of the following motions; the motion for continuance of the hearing on the mo *190 tion for summary judgment; the motion for continuance of trial; the motion for recusation; and the motion for a new trial.
MOTION FOR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT
Plaintiff filed a motion for partial summary judgment which was scheduled for hearing on June 10, 1991, the day before trial. On May 23, 1991, plaintiff filed a motion to continue the hearing on the motion for summary judgment. In his letter to counsel dated May 24, 1991, the trial judge ex parte denied plaintiff’s motion for continuance of the motion for summary judgment hearing, based on the fact that the trial was scheduled to begin the next day. Plaintiff contends that the trial judge erred in denying his motion without a hearing.
La.C.C.P. Art. 1605 provides that, “Every contested motion for a continuance shall be tried summarily and contradictorily with the opposite party.” After a review of the record, we find no evidence that plaintiffs motion was contested by the defendant. There are no motions or memo-randa in opposition to plaintiffs motion. Therefore, no hearing was required because the mandate of Article 1605 does not apply. This assignment of error is without merit.
MOTION FOR CONTINUANCE OF TRIAL
Plaintiffs motion for continuance of trial was heard on June 10, 1991, one day before the day set for trial. Plaintiff asserts that the trial judge erred in denying his motion for continuance.
La.C.C.P. Art. 1603 requires a motion for continuance to set forth the grounds upon which it is based. La.C.C.P. Art. 1601 gives the trial court discretion to grant a continuance where there is “good cause therefor,” and La.C.C.P. Art. 1602 describes those mandatory grounds for which a continuance “shall” be granted.
Plaintiffs motion for continuance of trial sets forth 5 reasons for which the continuance should be granted, none of which assert a mandatory ground. Therefore, the trial court had wide discretion to grant or deny plaintiffs motion, and its ruling will not be disturbed on appeal unless there is a clear showing of abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974).
Plaintiff filed the petition for these proceedings on September 28, 1988. This motion for continuance of trial was filed on May 22, 1991, twenty days before the date set for trial. Plaintiff had almost three years to prepare for trial. We find no abuse of discretion by the trial court in denying plaintiffs motion for continuance of trial.
MOTION FOR RECUSATION
On June 10, 1991, plaintiff filed a motion for recusation of the trial judge based on La.C.C.P. Art. 151 B(5), alleging that the judge was biased and prejudiced against the plaintiff and plaintiffs attorney. In his motion, plaintiff asserted that the trial judge was biased and prejudiced because of “actual and perceived accusations made by attorney ... in regards to the handling of this matter by the judge and his staff.”
At the hearing on the motion, plaintiffs attorney presented no evidence of bias or prejudice; he merely reiterated that he had made accusations against the judge’s staff and, therefore, he did not think the judge could be fair in this case. The judge hearing the motion found there was no evidence of bias or prejudice and denied the motion for recusation.
A judge is presumed to be impartial. State v. Edwards, 420 So.2d 663 (La.1982). In order for a judge to be recused, the bias or prejudice must be substantial and based on more than conclusory allegations. State v. Gordy, 380 So.2d 1347 (La.1980). We have reviewed the record and find there is no evidence of bias or prejudice on the part of the trial judge, and therefore affirm the trial court’s denial of plaintiff’s motion for recusation.
DIRECTED VERDICT
At the close of plaintiff’s evidence, defendant moved for a directed verdict. The *191 directed verdict was granted by the trial court and judgment was rendered in favor of defendants, dismissing plaintiffs suit. The trial court found there was no showing of negligence on the part of defendant, Ronald Andries. Plaintiff asserts that the trial court erred in granting the directed verdict because it was clearly contrary to law.
In Clark v. Laird, 458 So.2d 639 (La. App. 3 Cir.1984), writ denied, 462 So.2d 210 (La.1985). This court discussed the standard of review for a directed verdict as follows:
Pursuant to LSA-C.C.P. art. 1810 a directed verdict may be granted in favor of the moving party if the facts and reasonable inferences taken from the evidence are so overwhelmingly in favor of the moving party that the trial judge believes that reasonable men could not arrive at a contrary verdict. Oppenheim v. Murray Henderson Undertaking Co., Inc., 414 So.2d 868 (La.App. 4th Cir.1982). In jury trials, the judge should view the evidence in a light most favorable to the non-moving party in ruling on the motion for directed verdict. Likewise, on appeal we must view and interpret the facts and evidence in a light most favorable to the party opposing the motion in determining whether the motion was properly granted or denied. Grimes v. Stander, 394 So.2d 1332 (La. App. 1st Cir.1981); Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir.1979) (remanding to trial court), aff'd, 412 So.2d 191 (La.App.3d Cir.), writ denied, 415 So.2d 954 (La.1982).
A review of the record shows no evidence that defendant had been driving the vehicle on the date of the accident. His uncontradicted testimony established that the automobile was purchased for the use of his daughter; that she had been driving it; and that she had parked it in the parking lot before it rolled out into the street. The rule of law regarding the liability of an owner of a car was discussed by this court in Phipps v. Chesson, 570 So.2d 470 (La. App. 3 Cir.1990), as follows:
An owner of a motor vehicle is not personally liable to a third party for injuries occurring while his vehicle is under the control of another person unless it is shown that the driver was on a mission for the owner, the driver was an agent or employee of the owner, or that the owner was himself negligent in allowing the driver to use the vehicle. Dickerson v. Boom, Inc., [532 So.2d 814 (La.App. 4 Cir.1988)] supra; Friday v. Mutz, [483 So.2d 1269 (La.App. 4 Cir.1986)] supra; Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968).
Plaintiff simply did not prove by a preponderance of the evidence that defendant was negligent. As a result, we find the directed verdict in favor of defendant was proper and affirm the trial court judgment dismissing plaintiffs suit.
MOTION FOR NEW TRIAL
Plaintiff finally asserts that the trial court erred in denying his motion for a new trial. Plaintiff filed the motion for a new trial based on La.C.C.P. Art. 1972(1), asserting that the judgment rendered against him (the directed verdict) was contrary to law and evidence. As has been previously discussed, we find the directed verdict was not contrary to the law and evidence in this case. This assignment of error is therefore without merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Russell P. Segura.
AFFIRMED.