# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-368

MONA JAMES

VERSUS

OUR LADY OF LOURDES,

INCORPORATED, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20155666
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Ezell, J., concurs.**
**Perret, J., dissents and assigns reasons.**

**Chris D. Billings**
**Douglas K. Williams**
**Breazeale, Sachse & Wilson, L.L.P.**
**One American Place, 23rd Floor**
**Post Office Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Our Lady of Lourdes Regional Medical Center, Inc.**

**Marcus A. Bryant**
**Marcus A. Bryant, LLC.**
**1405 W. Pinhook Road, Suite 110**
**Post Office Box 51469**
**Lafayette, LA 70503-1469**
**(337) 504-4106**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Mona James**

**SAUNDERS, Judge.**

This is a case involving an alleged slip and fall at a hospital. The Plaintiff's case was dismissed via summary judgment based on her inability to prove the notice requirement under La.R.S. 9:2800.6(B) in order to find fault by the hospital. Days prior to the hearing on the motion for summary judgment, Plaintiff requested a continuance and leave of court to amend and supplement her petition. The trial court denied the motion for continuance without a hearing and denied the request for leave of court to amend and supplement her petition. Thereafter, the trial court granted defendant's motion for summary judgment dismissing the claim with prejudice.

## FACTUAL AND PROCEDURAL HISTORY:

On December 23, 2014, Mona James, (Appellant) went to Our Lady of Lourdes Regional Medical Center in Lafayette to visit her sister who was a patient in the intensive care unit located on the third floor of the hospital. After visiting her sister, Appellant alleges that she slipped and fell due to a foreign substance on the floor. As a result of the alleged slip and fall, on November 12, 2015, Appellant filed suit against Our Lady of Lourdes Inc. (Appellee).

On December 21, 2015, Appellee answered the suit denying all allegations specifically stating that it had no notice of any condition which allegedly caused Appellant to slip and fall, a requirement for a finding of fault under La.R.S. 9:2800.6(B). After the parties had adequate time to conduct discovery on the issues present in this case, on May 25, 2017, Appellee filed a motion for summary judgment. It was based on the assertion that Appellant could not meet her burden to prove at trial that Appellee created the alleged hazardous condition or had actual or constructive notice of the condition and failed to exercise reasonable care.

In support of its motion, Appellee submitted the deposition testimony of Appellant who admitted that she did not know where the substance came from or for

how long it was there. Further, Appellee submitted affidavits from multiple hospital employees that attested to no reports of spills or water on the floor the day of the alleged fall and to no reports or records of substances on the floor from any maintenance issues that day. Finally, Appellee submitted affidavits that the floors in that area were cleaned twice daily per housekeeping regulations and that all hospital employees monitor the floors and are to report any potential hazards.

Appellant did not respond to Appellee's motion until a few days before the hearing was scheduled by filing a motion for leave of court to supplement and amend her petition and by filing a motion for a continuance. On the same day these requests were made by the Appellant, the trial court denied the requests. The next day, the Friday before the hearing which was scheduled the following Monday morning, Appellant filed an opposition to Appellee's motion for summary judgment.

Appellee's counsel attended the Monday hearing while Appellant's counsel did not. After considering the pleadings and evidence submitted, the trial court granted Appellee's motion. Appellant filed the present appeal and presents two issues for this court to review.

**ISSUES PRESENTED FOR REVIEW:**

1.  Whether the trial court erred by denying the Appellant's [m]otion to continue and motion for leave of court [to] file her amended petition without a hearing; and

3.  Whether the trial court erred by granting the Appellee's [] [m]otion for [s]ummary [j]udgment.

**ISSUE PRESENTED FOR REVIEW NUMBER ONE**:

Appellant urges in her first assignment of error that the trial court erred by denying her motion to continue and motion for leave of court to file her amended petition without a hearing. We find no merit to these claims.

The peremptory grounds for a motion to continue are found in La.Code Civ.P. art. 1602, which states that:

2

> A continuance shall be granted if at the time a case
> is to be tried, the party applying for the continuance shows
> that he has been unable, with the exercise of due diligence,
> to obtain evidence material to his case; or that a material
> witness has absented himself without the contrivance of
> the party applying for the continuance.

> Absent one of those grounds, the discretionary grounds for a
> continuance are delineated in La.Code Civ.P. art. 1601, which states
> that "[a] continuance may be granted in any case if there is good ground
> therefor." The trial court has wide discretion in ruling on a motion for
> continuance, and that ruling will not be disturbed absent a clear
> showing of abuse of discretion. *Succession of Stark*, 06-190 (La.App. 3
> Cir. 7/5/06), 934 So.2d 901 (citing *Sauce v. Bussell*, 298 So.2d 832
> (La.1974)). The decision to grant or deny a continuance is dependent
> on the facts of the case and may include consideration of such factors
> as diligence, good faith, reasonable grounds, fairness to both parties,
> and the need for the orderly administration of justice. *Ardoin v.
> Bourgeois*, 04-1663 (La.App. 3 Cir. 11/2/05), 916 So.2d 329. Another
> factor which may be considered is the defendant's right to have his case
> heard as soon as practicable. *Gilcrease v. Bacarisse*, 26,318 (La.App. 2
> Cir. 12/7/94), 647 So.2d 1219, *writ denied*, 95-421 (La.4/30/95), 651
> So.2d 845 (citing *Lambert v. Heirs of Adams*, 325 So.2d 331 (La.App.
> 3 Cir.1975), *writ denied*, 329 So.2d 458 (1976)). "However, this
> discretion may not be exercised arbitrarily, where a denial of a
> continuance founded on a good-faith ground may deprive a litigant of
> his day in court." *Powell v. Giddens*, 271 So.2d 596, 597 (La.App. 1
> Cir.1972).

*Succession of Harrell v. Erris-Omega Plantation, Inc.*, 12-696, pp. 7-8 (La.App. 3 Cir. 12/5/12), 104 So.3d 751, 756-57, *writ denied*, 13-438 (La. 4/5/13), 110 So.3d 595 (first alteration in original).

Appellant argues that the trial court's denial of her motion for continuance without having a hearing was in violation of La.Code Civ.P. art. 1605, which states, "[e]very contested motion for a continuance shall be tried summarily and contradictorily with the opposite party." We find this argument misguided.

In the case before us, Appellee was the opposing party to Appellant's motion for a continuance. In reviewing the record, there is nothing to indicate that Appellee filed anything that "contested" Appellant's motion. Rather, the trial court denied Appellant's motion prior to any contestation by Appellee. This court faced a similar

case in *Jackson v. Royal Ins. Co.*, 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424. In *Jackson*, Judge Cooks states that "reliance on article 1605 is mistaken. The opposite party in this case was the *defense*, who . . . was represented by counsel at trial. The defense did not "contest" the motion. . . . Thus, a hearing was not required, because the mandate of Article 1605 does not apply." *Jackson*, 704 So.2d at 426. We agree with Judge Cooks' reasoning. A hearing is not required by La.Code Civ.P. art. 1605 when the motion for continuance is not "contested." As such, we find no merit to Appellant's first argument.

Regarding Appellant's request for leave of court to amend her petition, once a defendant answers the petition, the plaintiff may only amend with consent or by leave of court. La.Code Civ.P. art. 1151. A trial court has broad discretion in ruling on such motions. *Farmers-Merchants Bank & Trust Co. v. St. Katherine Ins.*, 93-552 (La.App. 3 Cir. 3/9/94), 640 So.2d 353, *writ denied*, 94-841 (La. 5/13/94), 641 So.2d 204.

Here, Appellant had knowledge of Appellee's defense that Appellant could not prove the requirement under La.R.S. 9:2800.6(B) since December 21, 2015, when Appellee answered her petition. Given the discretion afforded a trial court in these matters, the time that has passed, and the facts of this case, we cannot say that the trial court abused its discretion. Accordingly, we find no merit to this first issue presented for review.

## ISSUE PRESENTED FOR REVIEW NUMBER TWO:

In her second issue presented for review, Appellant alleges error by the trial court in granting Appellee's motion for summary judgment. We find this allegation has no merit.

Summary judgments are reviewed by appellate courts using the de novo standard of view, i.e., using the identical criteria that govern the trial court's

4

consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Therefore, the reviewing court determines whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> [I]f [a party] will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*MaClaff, Inc. v. Arch Ins. Co.*, 07-1182, pp. 7-8 (La.App. 3 Cir. 2/27/08), 978 So.2d 482, 487-88 (first alteration in original) (citations omitted); La.Code Civ.P. art. 966(D)(1).

La.R.S. 9:2800.6(B) states:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Here, Appellant admits that she cannot prove this notice requirement under La.R.S. 9:2800.6(B). Rather, she requested leave of court from the trial court to

amend her petition to allege spoliation of evidence. The spoliation claim was based on Appellee's failure to retain video footage of the alleged slip and fall. The trial court denied Appellant's request and granted Appellee's motion for summary judgment.

A review of the record indicates that this litigation has been pending since November 12, 2015. Thus, Appellant's attorney had knowledge of the necessity of proving the notice requirement under La.R.S. 9:2800.6(B) for nearly two years prior to the motion for summary judgment, as Appellee's motion for summary judgment was filed on May 25, 2017. Further, the record reveals that Appellant's counsel sought a continuance and requested leave of court to amend petition in an untimely manner just days before the hearing was to be held.

We found above that the trial court made no error in adjudicating the motion for continuance or the motion to amend and supplement. Accordingly, given that Appellant admits no ability to meet the notice requirement under La.R.S. 9:2800.6(B), a necessary element of her claim against Appellee, it was proper for the trial court to grant Appellee's motion for summary judgment.

## CONCLUSION:

Mona James presents two issues for review by this court. We find no error by the trial court in denying Mona James' request for a continuance on Our Lady of Lourdes, Inc.'s motion for summary judgment. Nor do we find any error by the trial court in denying Mona James' request to amend and supplement her petition. Finally, we find no error by the trial court in granting Our Lady of Lourdes, Inc.'s motion for summary judgment dismissing Mona James' claim. All costs of these proceedings are assessed to Mona James.

**AFFIRMED.**

MONA JAMES

VERSUS

OUR LADY OF LOURDES, INCORPORATED, ET AL.


**PERRET, CANDYCE, J.  DISSENTS AND ASSIGNS REASONS:**

I respectfully dissent from the majority opinion that found no error in the trial court's judgment that denied Ms. James' motion to continue without a hearing. Rather, I find that Ms. James' motion to continue was in fact contested by defendant, Our Lady of Lourdes Regional Medical Center ("Lourdes"), and that La.Code Civ.P. art. 1605 mandates a trial court hold a hearing prior to denying a contested motion to continue.

Louisiana Code of Civil Procedure Article 1605 provides that "[e]very contested motion for a continuance shall be tried summarily and contradictorily with the opposite party."  In this case, the record indicates that Ms. James filed a Motion for Expedited Hearing on the Plaintiff's Motion for Continuance on July 24, 2017, wherein she requested that the court schedule "a hearing on the Motion to Continue on an expedited basis by phone or open court" and stated that the "defense [Lourdes] has been contacted and has no response to the motion to continue at this time."  The trial court denied the motion for the expedited hearing on July 27, 2017.  Ms. James then filed a Motion to Continue and Reset on July 27, 2017, wherein she specifically stated that "[t]he defense has been contacted regarding the plaintiff's request for a continuance and is waiting for approval from his client."  On that same date, the trial court denied the motion to continue.

Unlike the majority, I find Lourdes' silence in regard to the July 24, 2017 motion for expedited hearing on the motion for continuance as well as the July 27,

2017 motion to continue equates to it contesting the continuance, especially considering the fact that Ms. James stated in her motion that Lourdes' counsel was "waiting for approval [for the continuance] from his client." At no time during these proceedings did Lourdes ever agree to Ms. James' request for a continuance; thus, it was a contested motion.

I also find the case *Segura v. Andries*, 610 So.2d 188 (La.App. 3 Cir. 1992), *writ granted*, *reversed*, 612 So.2d 105 (La.1993), *rehearing denied*, 614 So.2d 74 persuasive in my determination that Ms. James' motion to continue was contested. In *Segura*, the plaintiff filed a motion for continuance of the hearing on his motion for partial summary judgment and the trial court ex parte denied his motion for a continuance "based on the fact that the trial was scheduled to begin the next day." *Id.* at 190. On appeal, plaintiff argued that the trial court erred in denying his motion without a hearing. This court found no hearing was required because there was "no evidence that plaintiff's motion [for continuance] was contested by defendant" and that there were "no motions or memoranda in opposition to plaintiff's motion." *Id.* However, the Louisiana Supreme Court reversed this court upon finding that "the trial court abused its discretion in denying relator's motion for a continuance." *Segura*, 612 So.2d at 105. The supreme court remanded the matter to the trial court for further proceedings.

Based on the *Segura* case and Article 1605, I find that the trial court legally erred when it ex parte denied Ms. James' motion to continue without a contradictory hearing. As such, I would vacate the judgment granting Lourdes' motion for summary judgment and would remand this matter to the trial court for further proceedings.