558 So.2d 1316 (1990)
Lorenzo PAYNE, Individually and for Visitacion Payne, his Wife and as Natural Tutor for his Minor Children, Jason and Keith Payne
v.
Larry V. BLANKENSHIP, et al.
No. 89-CA-0933.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1990.
Robert H. Belknap, New Orleans, for plaintiffs-appellants.
Thomas M. Nosewicz, Robert L. Walsh, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Plaintiffs appeal from a district court judgment dismissing their suit on defendant's motion for summary judgment. We affirm.
Plaintiffs, Lorenzo and Visitacion Payne, filed suit individually and on behalf of their two minor children after Mrs. Payne sustained physical injuries as the result of an accident in which her automobile collided head on with a motor home, also known as *1317 a recreational vehicle (RV), allegedly driven by Larry Blankenship.[1]
Named as defendants in the original petition filed on October 2, 1986 were Blankenship, the lessee of the RV, Champion Insurance Company, the automobile liability insurer of Blankenship, U-Haul of Southern Louisiana (U-Haul), the lessor of the RV, Republican Western Insurance Company, the automobile liability insurer of the RV, and State Farm Insurance Company, the plaintiffs' uninsured motorist insurer. Shortly thereafter, plaintiffs amended their petition to name the City of New Orleans as a defendant.
In May 1987, Hotel Dieu Hospital, Mrs. Payne's employer and health care provider, intervened in the lawsuit alleging that having paid all of plaintiff's medical bills, it was subrogated against the alleged tortfeasor for the medical benefits it provided to the plaintiff. Subsequently, the City of New Orleans filed a cross-claim against U-Haul seeking contribution and/or indemnity against U-Haul, alleging that the accident resulted from U-Haul's negligent entrustment of the RV to Blankenship.
U-Haul later filed a motion for summary judgment against the City, Hotel Dieu Hospital and the Paynes. After a hearing on U-Haul's motion for summary judgment, the trial court dismissed with prejudice their claims against U-Haul. The plaintiffs appealed. Neither the City nor Hotel Dieu have appealed the adverse judgment against them.
On appeal plaintiffs argue there remain material issues of fact not yet foreclosed on which would preclude summary judgment in this matter. Specifically, they argue, 1) whether or not U-Haul's failure to mandate a policy requiring their agents to conduct a background investigation of a prospective lessee's prior traffic violations, prior vehicular accidents and proof of insurance, constituted negligence; 2) whether or not U-Haul's leasing agent knew or should have known that Blankenship was incompetent to operate the vehicle leased by U-Haul; and 3) whether or not U-Haul was the liability insurer of the leased vehicle when the rental agreement expressly provided for mandatory liability coverage on all U-Haul motor home customers.
It is well settled that the lessor of a vehicle is not liable for the negligent acts committed by the lessee. Dixie Drive-It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Agency Rent-A-Car, Inc. v. Hamm, 401 So.2d 1259 (La. App. 1st Cir.1981). An exception to the general rule is when a lessor negligently entrusts his vehicle to another person. In order to prove a claim of negligent entrustment, a plaintiff must show that a lessor had actual or constructive knowledge that the lessee was incompetent or had an apparent disability at the time of lease. Macaluso v. Watson, 188 So.2d 178 (La.App. 4th Cir.1966), writ denied, 249 La. 743, 190 So.2d 910 (1966).
Louisiana jurisprudence indicates a prospective lessee's presentation of a valid license satisfies the lessor's duty of ordinary care and inquiry as to the prospective lessee's ability to operate a motor vehicle. McCarroll v. Kinchen, 526 So.2d 484 (La. App. 1st Cir.1988), writ den. 532 So.2d 158 (La.1988); Anderson v. Driverless Cars, Inc., 11 La.App. 515, 124 So. 312 (Orleans App.1929). Further, LSA-R.S. 32:417(B), setting forth the duties of lessor when screening a lessee, requires only that the lessee have a current license. The statute provides:
It shall be unlawful for any person knowingly to rent for hire a motor vehicle to be operated by any person who does not have a current license or, in the case of a nonresident who has not been licensed to drive a motor vehicle under the laws of his resident state, if the laws of his resident state so require.
*1318 In support of its motion for summary judgment, U-Haul presented the affidavit and deposition testimony of Theresa Heidel, its leasing agent. Ms. Heidel states in her affidavit that on June 12, 1986, she rented an RV to Blankenship after he presented a valid Louisiana driver's license and satisfied the financial requirement of putting up a deposit to cover two weeks rental. She also stated in her affidavit that there was nothing about Blankenship's appearance, physical or mental, that made her suspicious. Ms. Heidel specifically said that had there been she would not have rented the RV to Blankenship. At her deposition, Ms. Heidel testified that at the time she leased the vehicle to Blankenship he neither appeared intoxicated nor physically impaired in any way. She testified that her training required her to look for outward signs of impairment.
Once U-Haul presented the aforementioned evidence proving that Blankenship presented a valid driver's license and did not appear physically or mentally impaired when he leased the vehicle, the burden then shifted to plaintiffs, as the party opposing the motion, to set forth by way of affidavit or other evidence specific facts showing a genuine issue for trial. LSA-C.C.P. art. 967. Plaintiffs have offered no specific facts which suggest that Blankenship was mentally or physically impaired when he leased the vehicle or that he did not present a valid driver's license at the time of lease.
Plaintiffs argue in their brief that U-Haul was negligent because it failed to give Blankenship a driving test. The argument that a lessor should test the ability of a lessee to drive a vehicle was rejected in McCarroll v. Kinchen, supra. The court stated in McCarroll that "[I]f Louisiana is to require the testing of prospective vehicle lessees, we believe it is within the province of the Legislature to so decree and set the appropriate standards." Id. at 489. Clearly, U-Haul did not violate its duty of ordinary care in the instant case by failing to administer a driving test to Blankenship. This argument has no merit.
Likewise, plaintiffs' argument that U-Haul was required to investigate the driving record of the prospective lessee is also meritless. Neither the jurisprudence nor statutory law of this state impose such a duty on the lessor.
Lastly, plaintiffs contend the trial court erred in dismissing U-Haul because its rental agreement with Blankenship provided a mandatory liability policy with 10,000/20,000 limits. The rental contract provided that U-Haul truck and motor home customers were insured by a business auto policy providing limits up to the Minimum Financial Responsibility law of the state where the accident occurred. U-Haul satisfied its insurance obligations under the rental contract by purchasing insurance to cover the vehicle through Old Republic Insurance Company. There is nothing in the rental contract that indicates U-Haul itself was the liability insurer of the vehicle. The affidavit of insurance by R.E. Haskell, vice president of Old Republic, and the affidavit of Kenneth Raper, president of U-Haul of Southern Louisiana, included in the record prove that Old Republic was the liability insurer of the RV rented by Blankenship. There is no merit to this argument.
After considering the pleadings, affidavits and depositions in the record, and viewing all reasonable inferences drawn therefrom in a light most favorable to the plaintiffs, we find there is no genuine issue of material fact, and that as a matter of law, U-Haul was entitled to summary judgment.
Accordingly, for the above reasons, we conclude the trial court correctly granted U-Haul's motion for summary judgment.
AFFIRMED.
NOTES
[1] At the time of the accident on June 14, 1986, the driver of the leased U-Haul RV left the scene immediately following the collision. Although the plaintiffs allege Blankenship was the driver, the driver's identity remains unknown.