640 So.2d 757 (1994)
Marco COLLETTE, Plaintiff-Appellee,
v.
Roy C. LEDET, et al., Defendants-Appellants.
No. 93-1581.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*758 Thomas Robert Shelton, Lafayette, for Marco Collette.
Nicholas Gachassin Jr., Lafayette, for Roy C. Ledet.
James R. Shelton, Lafayette, for Snappy Car Rental, Inc. etc.
Before DOUCET, LABORDE, JJ., and BERTRAND[1], J. Pro Tem.
LABORDE, Judge.
Defendants Roy Ledet and Snappy Car Rental appeal a trial court's finding them solidarily liable for plaintiff's injuries. After reviewing the record, we reverse in part, finding no basis for liability on the part of *759 Snappy Car Rental but affirm as to Ledet's liability.

FACTS
Defendant, Roy Ledet, was involved in a car accident on May 31, 1988. Gallagher Basset Services, Inc., the company that handled the adjustment of the claim for the party at fault, arranged for Ledet to rent a vehicle from Snappy Car Rental while his car was being repaired.
On June 13, 1988, Ledet executed a rental agreement with Snappy. On June 24, 1988, Ledet's vehicle was seized by the Lafayette Parish Sheriff's Office at the repair shop to satisfy a mechanic's lien. Ledet continued to drive the Snappy vehicle.
On June 25, 1988, Ledet was given a replacement vehicle when he returned the vehicle to Snappy due to mechanical problems. Snappy did not inquire as to the status of the repair work on Ledet's vehicle, nor did it obtain authorization for extension of time on the insurance rental agreement.
On July 18, 1988, at approximately 4:30 a.m., while driving the Snappy vehicle, Ledet was involved in an accident with Debra Comeaux.
On July 20, 1988, still driving the Snappy vehicle, Ledet rear-ended plaintiff Marco Collette's pick-up truck on the I-10 in St. Martin Parish at approximately 5:30 a.m., giving rise to these proceedings.
Plaintiff subsequently filed suit against Ledet, Snappy Car Rental, and St. Paul Fire and Marine Insurance Company, the insurer of Ledet and Snappy. Plaintiff's suit against Snappy was grounded on negligent entrustment.
Trial on the liability issues began on January 19, 1993, resulting in a jury verdict in favor of plaintiff. The jury found: (1) plaintiff was without fault; (2) Ledet was 100% at fault; (3) Snappy negligently entrusted its vehicle to Ledet; and (4) St. Paul Fire & Marine Insurance Co provided $10,000 of insurance coverage to Ledet as lessee of the vehicle.
In its appeal, Snappy assigns six errors:
1. The jury erred in finding negligent entrustment on the part of Snappy;
2. The trial court erred in failing to assign some percentage of fault to Snappy;
3. The trial court erred in failing to give the jury an interrogatory concerning proximate cause with respect to Snappy;
4. The trial court erred in signing a judgment casting Ledet and Snappy in solido for all damages sustained by plaintiff;
5. The trial court erred in admitting evidence concerning alteration of the reservation form, which alleged alteration took place after the accident in question; and
6. The jury erred in finding plaintiff free of fault.
Ledet also appeals, assigning two errors, which are identical to Snappy's assignments 2 and 6, supra.

LAW

Liability of Snappy
Snappy alleges that the trial court erred in finding that it negligently entrusted its vehicle to Ledet, resulting in Snappy's liability to plaintiff for his damages.
Generally, the negligence of a lessee in the exclusive physical control of the object of the lease cannot be imputed to the lessor. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962); Phipps v. Chesson, 570 So.2d 470 (La.App. 3 Cir.1990). An exception to this rule exists when a lessor negligently entrusts his vehicle to another person. In order to prove a claim of negligent entrustment, a plaintiff must show that a lessor had actual or constructive knowledge that the lessee was incompetent or had an apparent disability at the time of lease. Payne v. Blankenship, 558 So.2d 1316 (La.App. 4 Cir. 1990). A prospective lessee's presentation of a valid license satisfies the lessor's duty of ordinary care and inquiry as to the prospective lessee's ability to operate a motor vehicle. Payne, supra, at 1317; McCarroll v. Kinchen, 526 So.2d 484 (La.App. 1 Cir.1988); R.S. 32:417(B). The lessor has no duty to administer a driving test to a prospective lessee. Payne, supra, at 1318; McCarroll, supra.
*760 In the present case, Ledet presented a valid license when he originally rented the vehicle. Although Snappy did not confirm the existence of Ledet's liability insurance, A.J. Giliberto, the general manager at Snappy, testified that the presence of such insurance would only affect the rental rate for the vehicle, not whether Ledet could rent the vehicle at all. Plaintiff can cite no authority giving rise to a duty on the part of Snappy to inquire into the status of Ledet's insurance and we can find none. Under the circumstances, we cannot say that Snappy's failure to inquire constituted a legal cause of the accident: Snappy would have rented the vehicle to Ledet if it had known he did not have liability insurance, simply at a higher rate. Snappy was not negligent in renting the vehicle to Ledet; lack of insurance was not basis for denial of a rental, and Ledet was not incompetent when he presented himself to obtain a vehicle.
Although Snappy knew of Ledet's accident on July 18, 1990 with Debra Comeaux, it was not negligent in failing to retrieve its vehicle. As soon as it was notified of Ledet's accident with Comeaux, Snappy instructed Ledet to return the vehicle. By the time the accident occurred two days later, Ledet had not complied with this demand. Under the circumstances, we do not believe that Snappy had a duty to third parties to track down Ledet and the vehicle only two days after he failed to return it. First, Ledet verified the accident but said he was not at fault. Second, Snappy sought to have Ledet bring the vehicle back so it could fill out an in-house report for private inventory purposes, not to remove Ledet from the car. Finally, it would be poor public policy to encourage car rental companies to tie up our state's law enforcement personnel every time a rental vehicle is returned a day or two late absent some greater notice that the public is endangered. As we have stated before, Snappy did not have such notice here. We reverse the judgment against Snappy on these grounds. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).

Solidary Liability
As plaintiff alleged no other grounds for liability on the part of Snappy, we find that Snappy did not negligently entrust its vehicle and find no solidary liability on its part.

Plaintiff's Fault
The jury assessed defendant Ledet with 100% of the fault and plaintiff Collette with 0% of the fault. Defendants allege that Collette should bear some percentage of fault because, at the time of the accident, he was entering the Interstate at an unreasonably slow rate of speed, which was a cause of the accident.
Plaintiff testified that when he entered the Interstate, traveling approximately 35 to 40 miles per hour, he put his blinker on and looked out of the window of his truck to see if the right lane was clear of oncoming traffic. Plaintiff stated that he merged into the right lane, which was clear and approximately ten seconds later he was hit from behind.
Defendant Ledet testified that he did not remember the circumstances of the accident.
State Trooper Michael Labiche was the investigating officer at the scene of the accident. Labiche testified that Ledet's car did not leave any skid or braking marks on the ground prior to impact. Labiche also stated that after the impact, Plaintiff's vehicle skidded approximately three hundred and forty-two feet. He further stated that Ledet had a clear line of vision for about a mile before the point where the impact occurred.
After a review of the record, we find no clear error committed by the trial court. Great deference is given to determinations regarding the credibility of witnesses made by the trier of fact; such findings will not be reversed absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). It was not error for the jury to find plaintiff to be without fault in the accident, and we find no basis to reverse such a finding.

DECREE
The judgment of the trial court as to the liability of defendant Snappy Car Rental is reversed; however, the remainder of the verdict is affirmed. Costs assessed to plaintiff-appellee.
*761 REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] Honorable Lucien C. Bertrand, Jr., Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.