732 So.2d 152 (1999)
Patsy D. FRANCIS and Johnny D. Francis, Plaintiffs-Appellants,
v.
Gretchen S. CRAWFORD and Government Employees Insurance Company, Defendants-Appellees.
No. 31,840-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*153 Boggs & Thompson by A. Michael Boggs, Bossier City, Counsel for Appellants.
Lunn, Irion, Johnson, Salley & Carlisle by Jack E. Carlisle, Jr., J. Martin Lattier, Shreveport, Counsel for Appellee The Hertz Corporation.
Hicks & Hubley by Michael S. Hubley, Anna Marie Sparks Keele, Shreveport, Counsel for Intervenor State Farm Mutual Automobile Insurance Co.
Before GASKINS, CARAWAY and PEATROSS, JJ.
GASKINS, J.
This suit arises from a two-vehicle accident involving a rental car which was operated by an unauthorized driver. The plaintiffs asserted that the Hertz Corporation negligently entrusted its rental car to a lessee who it intended to bar from leasing its vehicles. The plaintiffs appeal from the trial court's granting of summary judgment on behalf of defendant Hertz. For the reasons set forth below, we affirm.

FACTS
The auto collision occurred on April 10, 1995. The vehicle driven by plaintiff Patsy D. Francis was struck head-on by a rental car driven by 17-year-old Louis Daniel Haynes but initially rented by Stephanie Miller, a friend of Mr. Haynes' older sister. Ms. Miller had previously rented from Hertz; however, she had a record of *154 returning the cars late and not making timely rental payments. As a result, Hertz intended to place her on "Do Not Rent" status but the process was apparently never completed. The car involved in the accident was rented by Ms. Miller on January 28, 1995. At the time of the accident, the rental agreement had expired, and Hertz considered the vehicle stolen.
Mrs. Francis and her husband Johnny D. Francis filed suit against Mr. Haynes and Hertz.[1] The plaintiffs alleged that Hertz was negligent in first entrusting the car to Ms. Miller and then in failing to secure its prompt return after the rental payments were not timely made. They further asserted that Hertz was self-insured and provided coverage for the accident. Allstate Insurance Company was also named as a defendant, apparently as Mr. Haynes' insurer. However, in April 1997, suit was dismissed as to Mr. Haynes and Allstate, with the plaintiffs reserving their rights against Hertz. Additionally, an intervention was filed by State Farm Mutual Automobile Insurance Company, Mrs. Francis' auto insurer, seeking recovery of the amounts expended under its policy for property damage to the Francis vehicle and for Mrs. Francis' medical expenses and personal injuries.
In July 1997, Hertz filed its first motion for summary judgment, maintaining that under the facts of the instant case it owed no duty to the plaintiffs. Furthermore, it contended that if it owed any duty, the breach thereof could not be considered a cause-in-fact of the collision. Hertz also asserted that it provided no insurance coverage because Mr. Haynes was an unauthorized driver under the rental agreement. This motion was denied in September 1997 due to the existence of disputed issues of fact surrounding the rental contract. Hertz's application for supervisory writs was denied by this court in February 1998.
In May 1998, Hertz filed a second motion for summary judgment. As to the plaintiffs' contention that Hertz provided insurance coverage, it argued that, as a self-insured rental agency, it was legally entitled to restrict coverage to only the authorized operator of the car, i.e., Ms. Miller. Additionally, Hertz asserted that the plaintiffs' negligent entrustment theory could only be viable if Ms. Miller had been the driver who injured Mrs. Francis. However, since Mr. Haynes was driving the rental car at the time of the accident, the question of whether Ms. Miller presented a valid driver's license at the time of rental was immaterial.
In support of its motion, Hertz submitted copies of its rental agreement and the affidavit of Linda Kidwell, a Hertz employee familiar with the rental agreement for the car in question. Ms. Kidwell stated that the rental form executed by Ms. Miller required her to identify any additional potential drivers and that Mr. Haynes was not named as such. Also, Ms. Kidwell attested that at the time of the rental Hertz was not in possession of any documentation reflecting that Ms. Miller was mentally or physically impaired at any time or that she had engaged in reckless driving during prior Hertz rentals. The motion was also supported by the deposition of Mr. Haynes, in which he stated that Ms. Miller allowed him to drive the car and that she did not inform him that the vehicle was considered stolen upon the expiration of the lease agreement.
In opposition to the motion for summary judgment, the plaintiffs filed the deposition of Pat Teague, Hertz's supervisor of vehicle control. He testified that Ms. Miller's past history with Hertz involved late rental payments and failure to return vehicles timely. According to his deposition testimony, *155 the company had intended to place her on "Do Not Rent" status but the paperwork was never completed. Mr. Teague also testified that none of her rentals reflected that Ms. Miller appeared to be physically or mentally impaired at the time of rental. Nor did Hertz's records reflect that she had any speeding tickets or a poor driving record.
Finding that no disputed issues of material fact remained, the trial court granted the motion for summary judgment and dismissed Hertz from the suit.
The plaintiffs appealed. The intervenor, State Farm, adopted their brief and arguments.

SUMMARY JUDGMENT
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). The burden of proof nevertheless remains with the mover. Art. 966 C(2). A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Clark v. City of Shreveport, 31,407 (La.App.2d Cir.1/20/99) 726 So.2d 1042.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730.

NEGLIGENT ENTRUSTMENT
The plaintiffs contend that the trial court erred in granting summary judgment in favor of Hertz on the theory of negligent entitlement. They argue that Ms. Miller's poor rental record with the company was such that Hertz was negligent in allowing her to lease the car which was ultimately involved in the accident at issue here. In particular, they assert that she was known to rent vehicles using drivers' licenses other than her own. They also refer to an incident where an overdue vehicle rented by Ms. Miller was recovered from two "youths."

Law
It is well settled that the lessor of a vehicle is not liable for the negligent acts committed by the lessee. Payne v. Blankenship, 558 So.2d 1316 (La.App. 4th Cir. 1990). See also Jones v. Western Preferred Casualty Company, 633 So.2d 667 (La.App. 1st Cir.1993), writ denied, 94-0273 (La.4/4/94), 635 So.2d 1123. An exception to the general rule is when a lessor negligently entrusts his vehicle to another person. Payne, supra.
To prove a claim of negligent entrustment, a plaintiff must show that a lessor had actual or constructive knowledge that the lessee was incompetent or had an apparent disability at the time of lease. Payne, supra; Collette v. Ledet, 93-1581 (La.App. 3d Cir.6/1/94), 640 So.2d 757, writ denied, 94-1718 (La.10/7/94), 644 So.2d 641; Riser v. Acadiana Limousine Service, Inc., 96-1687 (La.App. 3d Cir.4/30/97), 693 So.2d 330, writ denied, 97-1420 (La.9/19/97), 701 So.2d 173.
Louisiana jurisprudence indicates a prospective lessee's presentation of a valid driver's license satisfies the lessor's duty of ordinary care and inquiry as to the prospective lessee's ability to operate a motor vehicle. Payne, supra; Collette, supra. The lessor has no duty to administer a driving test to a prospective lessee. Payne, supra; Collette, supra.
In relevant part, La. R.S. 32:417(B) states, "It shall be unlawful for any person knowingly to rent for hire a motor vehicle *156 to be operated by any person who does not have a current license...."
Not every violation of a statutory duty amounts to negligence. McCarroll v. Kinchen, 526 So.2d 484 (La.App. 1st Cir. 1988), writ denied, 532 So.2d 158 (La. 1988). A party will be found negligent only if its actions were a cause-in-fact of the accident and the duty imposed by the statute contemplated protection against the particular harm herein involved. Wright v. O'Neal, 427 So.2d 852 (La.1983); McCarroll, supra.
Fault is the breach of a duty to protect against a particular harm, which harm, because of the breach, causes injury. McCarroll, supra. A car rental agency has a duty to protect users of Louisiana highways from incompetent use of its vehicles. The scope of that duty requires it to use ordinary care to ensure that an incompetent person is not allowed to operate its vehicle. McCarroll, supra.

Discussion
At the time of rental, Hertz had no evidence indicating that the lessee, Ms. Miller, was mentally or physically incompetent or otherwise suffering from any disability that made it unsafe to lease a vehicle to her. Admittedly, Ms. Miller leased the car under a third person's driver's license number. However, under the circumstances of this case, this fact alone is insufficient to impose liability upon Hertz inasmuch as Ms. Miller was not the driver at the time of the accident. The purpose of requiring a person to provide a valid driver's license at the time of rental is to prevent the use of the vehicle by an incompetent and unqualified driver. Mr. Teague testified, without contradiction, that in Louisiana and Texas, Hertz is unable to do a license check with the Department of Motor Vehicles. The person who was operating the car at the time of the accident, Mr. Haynes, was a licensed driver. Thus, we cannot say that Hertz's failure to recognize that Ms. Miller did not produce her own driver's license when she rented the car was a cause-in-fact of the accident.
See and compare Salavarria v. National Car Rental System, Inc., 97-2090 (La. App.4th Cir. 1/21/90), 705 So.2d 809. There the car was rented to Michael Brogdon but driven at the time of the accident by Heather Trempe, who was not an authorized operator. The plaintiffs sought to defeat summary judgment by asserting a factual issue as to whether lessee Brogdon was a licensed driver. The court found that since he was not the driver, his driving record was irrelevant.
The plaintiffs argue that Hertz was aware that Ms. Miller allowed teenage drivers to operate vehicles she leased because of a prior incident in which a rental car was repossessed from two youths. However, Mr. Teague testified in his deposition that the circumstances under which those young men came into possession of that vehicle were unknown. As Mr. Teague observed, the vehicle could have been stolen by those individuals.
We find that Hertz was entitled to summary judgment on the issue of negligent entrustment.

INSURANCE COVERAGE
In their brief, the plaintiffs concede that the Hertz self-insurance policy excluded coverage for drivers who were not authorized under the contract terms and that Mr. Haynes was not an authorized driver as defined by the policy. They further concede that the ruling in Hearty v. Harris, 574 So.2d 1234 (La.1991), provides that under normal circumstances rental agencies are not required to provide omnibus coverage for permissive users. However, they contend that the instant case is distinguishable because of the prior conduct between Ms. Miller and Hertz. Since Ms. Miller did not present a valid driver's license at the time she rented the car, the plaintiffs argue that she might have had a suspended license which, they assert, would have required proof of financial responsibility *157 under La. R.S. 32:896. Thus, they claim there is a disputed issue of material fact sufficient to defeat summary judgment.
However, the plaintiffs put forth no factual support for this argument. As conceded by the plaintiffs, the law on this issue is cleara self-insured rental agency like Hertz is entitled to restrict its liability coverage to only the authorized drivers named in the rental agreement. Once Hertz supported its motion for summary judgment with competent evidence, it was incumbent upon the plaintiffs to oppose it with more than mere speculation.
Consequently, we find that summary judgment was properly granted in favor of Hertz on the issue of insurance coverage.

CONCLUSION
The summary judgment granted in favor of the Hertz Corporation is affirmed. Costs are assessed against the appellants.
AFFIRMED.
NOTES
[1] Although the defendants listed in the caption of the original petition are "Gretchen S. Crawford and Government Employees Insurance Company," no such parties appear of record. However, this mistake has been perpetuated periodically in the record, including the caption for the trial court's minutes and the caption for the appellate record.