**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60902

Summary Calendar

LONNA ANTHONY,

Plaintiff-Appellant,

VERSUS

FRANCES DeGRATE; ET AL,

Defendants,

ENTERPRISE LEASING COMPANY-SOUTHWEST,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson Division

(3:98-CV-583)

June 25, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Lonna Anthony sued Frances DeGrate and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Enterprise Leasing Company-Southwest ("Enterprise") in connection with a car accident in which Ms. DeGrate backed her rental car into Mrs. Anthony, who was on foot at the time. The district court dismissed Mrs. Anthony's negligent entrustment claim against Enterprise on Enterprise's motion for summary judgment. We affirm.

## I.

On December 14, 1995, Francis DeGrate rented a car from an Enterprise office in Monroe, Louisiana. She planned to drive the car to Jackson, Mississippi to visit her daughter. Although Ms. DeGrate had a valid Louisiana driver's license, she did not own a motor vehicle and had no liability insurance. The rental agreement clearly states that Enterprise provides no bodily injury or property damage liability insurance and that Ms. DeGrate has and will maintain liability insurance. Although Enterprise offers supplemental liability insurance for an additional fee, Ms. DeGrate declined the coverage.

Ms. DeGrate testified in her deposition, however, that she informed the Enterprise agent that she had no liability insurance. The record reflects that Enterprise has an internal policy against renting vehicles to drivers with no liability insurance, whether it be the driver's personal policy, the Enterprise optional supplemental policy, or some other source of coverage.

After renting the car, Ms. DeGrate drove to Jackson, Mississippi as planned. That evening, while she was backing out of

her spot in a restaurant parking lot, she drove her rental car into Lonna Anthony, who was on foot at the time. Mrs. Anthony was injured in the accident. Although Ms. DeGrate has admitted at least partial responsibility for Mrs. Anthony's injuries, Mrs. Anthony claims that Enterprise is also liable for negligently entrusting the car to Ms. DeGrate while knowing that she had no liability coverage.

On August 6, 1998, Mrs. Anthony sued Ms. DeGrate and Enterprise in a Mississippi state court. Mrs. Anthony alleged general negligence against Ms. DeGrate and negligent entrustment against Enterprise. Enterprise removed the case to the Southern District of Mississippi under that court's diversity jurisdiction. On October 22, 1999, Enterprise filed a motion for summary judgment arguing that there is no genuine issue of fact regarding Mrs. Anthony's negligent entrustment claim. After hearing argument on the motion, the district court granted summary judgment in favor of Enterprise. The district court also entered a final judgment under Fed. R. Civ. P. 54(b) as to all of Mrs. Anthony's claims against Enterprise, thus making this partial summary judgment ruling appealable under 28 U.S.C. § 1291. Mrs. Anthony then filed this timely appeal.

## II.

We conduct a de novo review of a grant of summary judgment,

3

ensuring that no genuine issue of material fact exists and that judgment in favor of the appellee was warranted as a matter of law. See St. Paul Guardian Ins. Co. v. Centrum GS Ltd., 283 F.3d 709, 712-13 (5th Cir. 2002); Haynes v. Pennzoil Co., 207 F.3d 296, 299 (5th Cir. 2000). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, reflects no genuine issues of material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Unsubstantiated assertions are not competent summary judgment evidence. Celotex, 477 U.S. at 324.

The parties do not contest that Louisiana law applies to this case under Mississippi's "center of gravity" choice of law rule. Thus, because this is a diversity case, we must apply Louisiana law in an attempt to rule as a Louisiana court would if presented with the same issues. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); Muser Davis Land Co. v. Union Pac. Res., 201 F.3d 561, 563 (5th Cir. 2000).

## III.

Mrs. Anthony contends that the district court erred in granting summary judgment in favor of Enterprise. She notes that Louisiana Revised Statute § 32:861 requires every vehicle in the state to be covered by liability insurance. La. Rev. Stat. Ann. § 32:861 (West 2002). She also notes that Enterprise has an internal policy of not renting vehicles unless the vehicle will be covered

4

by some form of liability insurance.  In this case, she argues that Enterprise knowingly violated its duty under Louisiana law as well as its own internal policy by renting to Ms. DeGrate because the Enterprise knew that she had no liability coverage – supplemental or otherwise.

Although Louisiana law requires every vehicle in the state to be covered by liability insurance, a rental car company may contract to pass this responsibility to its customers.  See Delaney v. Agency Rent-A-Car, Inc., 616 So. 2d 869, 870 (La. Ct. App. 3d Cir. 1993); Washington v. Stephens Leasing, Inc., 540 So. 2d 433, 435 (La. Ct. App. 1st Cir. 1989) (both holding that a rental car company's obligation to insure its vehicle is delegable to its lessees).  Similar to the rental contracts in Delaney and Washington, the Enterprise rental agreement signed by Ms. DeGrate clearly states that Enterprise was not providing liability insurance and that Ms. DeGrate was responsible for obtaining liability insurance:

> 6.  BODILY INJURY AND PROPERTY DAMAGE RESPONSIBILITY: Enterprise provides no BODILY INJURY or PROPERTY DAMAGE LIABILITY INSURANCE or coverage to renter or any other operator or user for bodily injury or property damage to renter, operator, user, passengers, or any third party. Renter's insurance applies.  Renter represents and warrants that they have and will maintain in force during the term of this rental agreement, BODILY INJURY and PROPERTY DAMAGE LIABILITY INSURANCE for renter, other operators, users, passengers and third parties equal to the financial responsibility limits required by the applicable Motor Vehicle Financial Responsibility Laws of the state where the vehicle is operated or used.

Although Enterprise offers supplemental liability insurance at an additional cost, Ms. DeGrate affirmatively declined the coverage by signing her initials next to a section of the contract stating: "RENTER DECLINES OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION." Thus, by signing the rental agreement and affirmatively rejecting the option to purchase supplemental insurance, Ms. DeGrate warranted that she had or would obtain liability insurance for the vehicle.

Despite the clear language of the rental agreement, Mrs. Anthony argues that Enterprise negligently entrusted its vehicle to Ms. DeGrate because Ms. DeGrate allegedly informed the Enterprise agent that she had no liability insurance.[1] Even assuming the Enterprise knew that Ms. DeGrate was uninsured, however, Enterprise is not liable for negligent entrustment.

The general rule in Louisiana is that the negligence of a lessee in exclusive control of the object of a lease cannot be imputed to the lessor. See Dixie Drive It Yourself Sys. v. American Beverage Co., 137 So. 2d 298, 301 (La. 1962); Collette v. Ledet, 640 So. 2d 757, 759 (La. Ct. App. 3d Cir. 1994); Payne v.

---

[1] This claim is based on Ms. DeGrate's deposition testimony that she told the enterprise agent that she did not own a car and therefore had no liability insurance. The district court held that this evidence is inadmissible under Louisiana's parol evidence rule. It is not clear, however, that the parol evidence rule applies in this situation, because Mrs. Anthony was not a party to the rental agreement. See, e.g., Cosey v. Cosey, 376 So. 2d 486, 491 (La. 1979) (holding that the parol evidence exclusionary rule does not apply against a person who is not a signatory of a deed).

Blankenship, 558 So. 2d 1316, 1317 (La. Ct. App. 4th Cir. 1990);
Agency Rent-A-Car, Inc. v. Hamm, 401 So.2d 1259, 1262 (La.Ct. App.
1st Cir. 1981). The lessor may be liable for the lessee's
negligent acts, however, under the theory of negligent entrustment.
In the car rental context, the rental agency negligently entrusts
a vehicle to a lessee if it knows at the time of the lease that the
lessee is physically or mentally incompetent to drive. Francis v.
Crawford, 732 So. 2d 152, 155 (La. Ct. App. 2d Cir. 1999);
Collette, 640 So. 2d at 759; Payne, 558 So. 2d at 1317. The rental
company has no duty to administer a driving test, and the lessee's
presentation of a valid driver's license satisfies the lessor's
duty of ordinary care and inquiry as to the lessee's fitness to
drive. Francis, 732 So. 2d at 155; Collette, 640 So. 2d at 759;
Payne, 558 So. 2d at 1317.

Mrs. Anthony relies on Joseph v. Dickerson, 728 So. 2d 1066
(La. Ct. App. 4th Cir. 1999), for the proposition that the owner of
a vehicle is liable for negligent entrustment when she loans her
vehicle to someone whom she knows has no liability coverage. The
relevant holding in that appellate court decision, however, was
expressly overruled by the Supreme Court of Louisiana. See Joseph
v. Dickerson, 754 So. 2d 912, 916 (La. 2000).

In Joseph, Judith Dickerson loaned her car to her daughter,
Christina Dickerson, so that she could run an errand for Judith.
Id. at 913. Although Christina was a competent, licenced driver,
Judith knew that she had no liability insurance as she was

7

specifically excluded from coverage under Judith's policy. <u>Id.</u>

While driving Judith's car, Christina was in accident with Andrew

Joseph. <u>Id.</u> Andrew sued Christina for negligence and Judith for

negligent entrustment. He argued that Judith was negligent under

Louisiana Revised Statute 32:861 for entrusting her vehicle to a

driver whom she knew had no liability insurance. Although the

intermediate appellate court agreed, the Louisiana Supreme Court

reversed. The court held that Judith's knowledge that Christina

was a policy-excluded driver did not constitute a violation of the

duty that Judith owed to Andrew and other drivers that Christian

might have encountered. <u>Id.</u> at 916. The court specifically

stated:

> A lender cannot be found liable for loaning the car to a
> competent driver, or to a driver not known to be a risk
> or threat to other persons, as was the case here, simply
> for the reason that she knew or should have known that
> her own liability insurance policy, by its terms, would
> not cover the driver's liability for negligently causing
> injury.

<u>Id.</u> at 913; <u>see also</u> <u>Collette</u>, 640 So. 2d at 760 (holding a rental

car company was not liable for negligent entrustment when it failed

to discover that a lessee had no liability insurance).[2]

---

[2] Mrs. Anthony attempts to distinguish <u>Collette</u> from the present case on the ground that the rental agency in <u>Collette</u> had no internal policy against renting vehicles to uninsured drivers; rather the company would have simply rented the vehicle at a higher price. We see no material difference between the policies of these companies. Enterprise's policy was not to rent to uninsured drivers. If a driver has no independent coverage, Enterprise will rent the car for an additional charge (i.e., the fee for supplemental liability insurance). Furthermore, even assuming that

It is undisputed that Ms. DeGrate had a valid Louisiana driver's license and that she was competent to drive. Therefore, in light of Joseph, there is no basis for holding Enterprise liable for negligent entrustment even if its agent knew that Ms. DeGrate had no liability coverage.

## IV.

In light of the forgoing authorities, we affirm the district court's summary judgment ruling. Mrs. Anthony has identified no authority for her position that Enterprise's alleged knowledge of Ms. DeGrate's uninsured status constituted negligent entrustment of the vehicle. Even assuming that Enterprise knew that Ms. DeGrate had no liability coverage, the Joseph opinion holds that this fact alone is not enough to constitute a claim for negligent entrustment.

AFFIRMED.

---

there is a difference between these two cases, we see no reason why a rental car company's internal policy should affect its liability under state law.