540 So.2d 433 (1989)
John Leon WASHINGTON
v.
STEPHENS LEASING, INC., et al.
No. CA 87 1769.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
*434 Reginald J. Laurent, Slidell, for plaintiff-appellant.
Wilbur J. "Bill" Babin, Jr., and C. Michael Pfister, New Orleans, for defendants-appellees.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
COVINGTON, Chief Judge.
Plaintiff appeals the dismissal of one of the defendants in this suit for personal injuries as a result of an automobile accident. The defendant-appellee was not the tortfeasor, but the commercial lessor of the vehicle driven by the tortfeasor, a lessee. For the reasons hereinafter stated, we find the dismissal of the lessor proper and affirm the judgment of the trial court.
Plaintiff was a guest passenger in an auto which was allegedly struck by the defendant-tortfeasor, William Debruyn, which he leased from defendant, Stephens Leasing, Inc. Initially plaintiff alleged that the negligence of Debruyn was imputed to Stephens Leasing and two insurance companies, one as liability insurer of the guest vehicle, and State Farm Insurance Company as the insurer of the leased vehicle.
Stephens Leasing filed an exception of no cause of action, with which the trial court agreed, and therefore plaintiff was ordered to amend his petition to state a cause of action against Stephens Leasing within 20 days.[1] Plaintiff did file an amending petition, alleging an agency relationship between Stephens Leasing and its lessee Debruyn for obtaining liability insurance on the leased vehicle. Plaintiff also claimed that Stephens Leasing was contractually liable for damages caused by the leased vehicle because it was to provide excess and/or uninsured/underinsured liability coverage on the leased vehicle.
Stephens Leasing filed a second exception of no cause of action or alternatively, a motion for summary judgment. After a hearing, the trial court agreed and granted the exception and/or motion, dismissing *435 Stephens Leasing with prejudice. It is from this decision of the trial court that plaintiff appeals.
Plaintiff contends that it was error to dismiss Stephens Leasing on two related, but separate lines of legal argument. The first argument he makes is that as the registered owner, Stephens Leasing had a duty to insure the vehicle or verify that its lessee had insured the vehicle under the provisions of La.R.S. 32:861 et seq., the Compulsory Motor Vehicle Liability Security Law. The second argument he urges is that, as the principal in an agency relationship under La.R.S. 9:3301 et seq., which allows lessors of movables to delegate obtaining liability insurance to lessees, Stephens Leasing is answerable for the failure of its agent, the lessee Debruyn, to procure and maintain liability insurance.
We note at the outset of our discussion that the negligence of a bailee, or lessee, in the exclusive physical control of the object of the lease, cannot be imputed to the bailor or lessor. This precept is well established in Louisiana law. See Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). It is to plaintiff's other arguments that we turn our attention.
While plaintiff's reasoning is innovative, we do not find it persuasive. Examination of R.S. 32:861 et seq., and particularly §§ 863-865, the penalty provisions for noncompliance with insurance requirements, does not lend support to the argument that Stephens Leasing's duty was non-delegable. On the contrary, the use throughout the statutes of the phrases "owner or lessee," "applicant," "owner or owner's lessee" indicates that the intent of the Legislature was just the opposite, that the duty of obtaining and maintaining liability insurance falls upon the appropriate person in a given situation. The lease in question here, a copy of which was filed by Stephens Leasing in connection with its motion in the alternative for summary judgment, clearly stated that the lessee was to procure and maintain the insurance on the vehicle. Thus, the duty of complying with the statutes' requirements on insurance fell to the lessee Debruyn, not the lessor in this instance.
However, even if we were constrained to accept arguendo the contention that Stephens Leasing is required to at least verify its lessee's compliance with the statutes, we do not find that the statutes provide a civil cause of action in this instance by the plaintiff.
Our brethren in the Fourth Circuit have addressed this issue in a case urged by defendant, Friday v. Mutz, 483 So.2d 1269 (La.App., 4th Cir.1986). While that case did not involve a lessor-lessee relationship, this factual difference is insignificant for our purpose. In speaking of the requirements of La.R.S. 32:861 et seq., that Court stated:
We do not believe that Louisiana's Compulsory Motor Vehicle Liability Security Law provides a basis for civil liability of the owner of an uninsured vehicle to an injured third party. The statute establishes penalties for registered owners who do not insure their vehicles. La.R.S. 32:863-865. The enumerated penalties do not include liability to victims of accidents caused by uninsured vehicles. Had the Legislature intended to create such liability, we believe it would have been specifically provided for in the statute. ... [W]e will not read into the statute, as did the Trial Judge, a provision that registered owners who do not insure their vehicles will be liable to injured parties for damages up to the amount of the compulsory insurance. 483 So.2d at p. 1271
We agree with this analysis. The penalties enumerated involve an interruption of the violator's use of the uninsured vehicle, such as impoundment of the vehicle, rather than a cause of action for injured third parties against the offender. Thus, the trial judge's ruling dismissing plaintiff's claims against Stephens Leasing was correct.
In view of our interpretation of the Compulsory Motor Vehicle Liability Security Law, we need not address plaintiff's other *436 argument regarding an agency relationship for purposes of complying with that law.
The January 26, 1987 judgment of the trial court is affirmed; the judgment dated October 22, 1986, is vacated. Costs of this appeal are assessed to appellant.
VACATED in part, AFFIRMED in part.
NOTES
[1] We note that the record contains two judgments by the trial court dismissing plaintiff's suit, a fact not brought up by either party on appeal. The first judgment was signed on October 22, 1986, apparently because the defendant had moved to dismiss the suit while under the impression that plaintiff had not amended his petition as ordered. The trial judge apparently was under the same impression, but since plaintiff's amending petition was timely filed in the clerk of court's office, and any delay occurred between the clerk's office and the judge's office, all involved realized the error. A second move to dismiss was made by defendant when it filed the exception of no cause of action or alternative motion for summary judgment subsequently, which was the basis for the dismissal of January 26, 1987, appealed here. The first judgment was clearly defective as premature. See Alphonso v. Cement Product Services, Inc., 499 So.2d 305 (La.App., 1st Cir.1986), writ denied, 502 So.2d 112 (La.1987). Although all concerned apparently recognized it as such, no formal action was taken with regard to it. We set this judgment aside merely to "tidy up" the record.