616 So.2d 869 (1993)
Roger D. DELANEY and Deborah Delaney, Plaintiffs-Appellants,
v.
AGENCY RENT-A-CAR, INC., et al., Defendants-Appellees.
No. 92-683.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Louis Edward Buatt, Lake Charles, for Roger D. Delaney etc.
Nancy Jane Marshall and Mary Elizabeth Mouton, New Orleans, for Stacie V. Hall et al.
Before GUIDRY, KNOLL and WOODARD, JJ.
KNOLL, Judge.
Roger D. Delaney and Deborah Delaney appeal the trial court's dismissal of their uninsured/underinsured motorist claim against Agency Rent-A-Car, Inc.
On November 1, 1990, Mr. Delaney was driving a rented automobile with the permission of the vehicle's renter, Craig Ray. Ray rented the vehicle from Agency on October 26, 1990. When Ray rented the automobile from Agency, a certified self-insured pursuant to LSA-R.S. 32:861(A)(1), Agency did not offer liability or uninsured motorist coverage to Ray. Instead, the written contract Ray signed stated that he would provide insurance protection for the temporary substitute automobile through his own policy of insurance. Furthermore, Ray signed below the following contract provision:
"Customer represents and warrants that he has a valid policy of automobile liability, collision and comprehensive insurance in force at the time of this rental and further represents and warrants that he shall maintain said policy of automobile insurance in force during the term of this rental. Lessor, relying on said warranty and representation, is not providing automobile *870 liability, collision, comprehensive and/or medical expense insurance to the customer or any person operating, using or otherwise occupying said Vehicle."
Ray then indicated on the rental contract that he had a policy of insurance numbered 072090 with Alex Underwriters which expired on January 20, 1991.
As Mr. Delaney was driving the rented vehicle north on U.S. Highway 165, he was struck head-on by an automobile driven by Stacie Hall. At the time of the accident, the Hall vehicle was southbound, but in the northbound lane as it was attempting to pass another southbound vehicle. The Delaneys sued Hall, her insurer and her uninsured/underinsured motorist carrier, as well as Agency.
The trial court granted Agency's motion for summary judgment finding that the duty to offer uninsured/underinsured motorist coverage exists only in connection with the issuance of a policy of automobile liability insurance. Accordingly, since Agency had not provided Ray with liability insurance, it had no duty to offer uninsured/underinsured motorist coverage.
The Delaneys' appeal presents the following issues for review: (1) whether the terms of Agency's contract with Ray wherein Agency declared that it would not provide liability coverage violates Louisiana Compulsory Insurance Law, LSA-R.S. 32:861 et seq.; and, (2) whether Agency, a self-insured lessor of temporary vehicles, is required by law to offer uninsured/underinsured motorist coverage to its lessees. We affirm.

LOUISIANA'S MOTOR VEHICLE SAFETY RESPONSIBILITY LAW
The Delaneys contend that the terms of the rental contract between Agency and Ray violate Louisiana's motor vehicle safety responsibility law. They argue that Agency, as owner of the automobile, cannot delegate the duty to provide liability coverage to those persons who rent its vehicles. We disagree.
It is well entrenched in Louisiana law that the negligence of a lessee in the exclusive physical control of the object of the lease cannot be imputed to the lessor. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).[1] The exceptions to this rule recognized in Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968), i.e., the driver of the leased vehicle was on a mission for the owner or that the lessor/owner was himself negligent in allowing the lessee to use the vehicle, are not applicable herein.
Our brethren of the First Circuit addressed this same question in Washington v. Stephens Leasing, Inc., 540 So.2d 433 (La.App. 1st Cir.1989). In Washington, the court stated at page 435:
"Examination of R.S. 32:861 et seq., and particularly Sections 863-865, the penalty provisions for non-compliance with insurance requirements, does not lend support to the argument that Stephens Leasing's duty was non-delegable. On the contrary, the use throughout the statutes of the phrases `owner or lessee,' `applicant,' `owner or owner's lessee' indicates that the intent of the Legislature was just the opposite, that the duty of obtaining and maintaining liability insurance falls upon the appropriate person in a given situation. The lease in question here, ... clearly stated that the lessee was to procure and maintain the insurance on the vehicle. Thus, the duty of complying with the statutes' requirements on insurance fell to the lessee ... not the lessor in this instance."
The same reasoning is applicable herein. Accordingly, we find that Agency's contract *871 which required Ray to provide liability insurance was not violative of the Louisiana Compulsory Motor Vehicle Liability Security Law.

OFFER OF UNINSURED/UNDERINSURED MOTORISTS COVERAGE
The Delaneys next contend that Agency was required to offer uninsured motorist coverage to its lessees pursuant to LSA-R.S. 22:1405, et seq., since it temporarily leased cars and was self-insured for purposes of Louisiana's Compulsory Motor Vehicle Liability Security Law.
To the contrary, Agency, relying on Jones v. Henry, 542 So.2d 507 (La.1989), Jordan v. Honea, 407 So.2d 503 (La.App. 1st Cir.1981), writs denied, 409 So.2d 654, 409 So.2d 660 (La.1982), and Hebert v. Williams, 526 So.2d 835 (La.App. 3rd Cir.1988), writ denied, 532 So.2d 150 (La.1988), contends that in order to trigger UM coverage there must first be a policy of insurance in effect.
We find that Jones, Jordan, and Hebert are dispositive of the issue presented. In the present case, it is clear that Agency issued no liability insurance policy to Ray. As a result, there was no obligation under LSA-R.S. 22:1406(D) for Agency to offer Ray UM coverage.
We have carefully reviewed each of the cases relied upon by the Delaneys and find that they may be distinguished from the facts presented herein. In each case, the lessor or rental company contracted to provide the lessee with some form of liability coverage. It is only if a self-insured offers automobile liability insurance that it must also offer UM coverage to the lessee. Pollard v. Champion Insurance Company, 532 So.2d 838 (La.App. 4th Cir.1988), writ denied 533 So.2d 374 (La.1988).
Furthermore, we find the Delaneys' reliance on Act 626 of 1991 misplaced. The Delaneys contend that this legislative act was enacted to require all self-insureds to offer UM coverage. In 1992, the Louisiana legislature enacted Act 583 to clarify what it stated in Act 626 during the preceding legislative year. In Act 583, the Louisiana legislature amending LSA-R.S. 22:1406(D)(3), stated:
"Any party possessing a certificate of self-insurance as provided under the Louisiana Motor Vehicle Safety Responsibility Law, shall be an `insurer' within the meaning of uninsured motorist coverage provided under the provisions of this Subsection. This provision shall not be construed to require that a party possessing a certificate of self-insurance provide uninsured motorist coverage or that such coverage is provided by any party possessing such a certificate." (Emphasis added.)
When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies, pre-existing law. St. Paul Fire & Marine Insurance Company v. E.R. Smith, et al., 609 So.2d 809 (La.1992). Based upon the holding of Smith, we find that Act 583 of 1992 was interpretive and can be applied retroactively. Accordingly, we do not find that Act 626 of 1991 can be relied upon for the proposition that self-insureds are required to provide UM coverage.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Delaneys.
AFFIRMED.
NOTES
[1] In accordance with this rule of law, LSA-R.S. 32:1041 provides in pertinent part:

"Any person, firm, association or corporation licensed and engaged in the business of renting or leasing motor vehicles to be operated on the public highways shall only be required to furnish proof of financial ability to satisfy any judgment or judgments rendered against said person, firm, association or corporation in his or its capacity as owner of the said motor vehicles, and shall not be required to furnish proof of its financial ability to satisfy any judgment or judgments rendered against the person to whom the motor vehicle was rented or leased at the time of the accident."