869 So.2d 913 (2004)
June CENANCE
v.
Lynette TASSIN, Paul Tassin, Dollar Rent a Car Systems, Inc. and Ace Insurance Company.
No. 2003-CA-1379.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
*914 Lionel J. Favret, III, Warren A. Forstall, Jr., Rhett M. Powers, New Orleans, LA, for Plaintiff/Appellant.
*915 Susan G. Guidry, Sandra D. Guidry, Law Offices of Susan G. Guidry, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO JR.).
TERRI F. LOVE, Judge.
Plaintiff, June Cenance, filed suit against defendants, Lynette Tassin, Paul Tassin, Dollar Rent A Car Systems, Inc., and Ace Indemnity Insurance Company asserting a vehicle owned and operated by the defendants negligently backed into her car damaging her vehicle and causing serious bodily injuries. The trial court granted defendants' motion for summary judgment finding that there was no genuine issue of material fact and that Dollar Rent A Car Systems and Ace Insurance Company, as a matter of law, are not liable to the plaintiff. Subsequently, this appeal was lodged asserting one assignment of error. For the following reasons we affirm the trial court's decision.

FACTS AND PROCEDURAL HISTORY
On August 18, 2002, June Cenance ("Cenance") was driving in the Lakeside Shopping Center parking lot when the defendant's vehicle backed into her car. The vehicle was driven by Paul Tassin ("Tassin") and owned by the rental agency, Dollar Rent A Car Systems ("Dollar"). Ace Indemnity Insurance Company ("Ace") is alleged to have provided insurance for the Dollar vehicle and Lynette Tassin. Lynette Tassin leased the car from Dollar and allowed Paul Tassin to drive the vehicle. As a result of the accident, Cenance accrued extensive injuries to her person and damage to her car. She filed suit against the Tassins, Dollar, and Ace alleging negligence.
In Dollar's motion for summary judgment, Dollar claimed that as lessor they were not obligated by law to provide liability insurance coverage; therefore under the terms of the rental contract they did not provide such. Ace claimed they did not have a duty nor did they provide liability coverage to the lessee, Lynette Tassin, for the term of the rental. The trial court granted Dollar and Ace's joint motion for summary judgment. Cenance instituted this appeal against Dollar urging one assignment of error; Dollar had a duty to determine whether a lessee has the requisite liability insurance under Louisiana law. Cenance did not appeal the trial court's decision to grant Ace's motion for summary judgment.

Standard of Review
The Louisiana Supreme Court discussed the standard of review of a summary judgment in Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 and 99-2257 (La.2/29/00), 755 So.2d 226. They found in pertinent part:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The *916 burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).

Id. at p. 7, 755 So.2d at 230-31.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor. Willis v. Medders, 00-2507, p. 1 (La.12/08/00), 775 So.2d 1049, 1050. This court reasoned in Coto v. J. Ray McDermott S.A., 99-1866, p. 4 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, 830 that determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Based on the foregoing, in the instant case, this Court must conduct a de nov o review to determine whether the trial court committed error in granting defendant's motion for summary judgment in favor of Dollar.

ANALYSIS
Cenance does not contend Dollar must provide automobile liability insurance as a vehicle owner, but that Dollar has a duty to ascertain whether or not its lessee has automobile liability insurance. Plaintiff argues that Dollar, operating as a vehicle owner, should determine whether the lessee has insurance as required by La. R.S. 32:861. Cenance further argues that Dollar negligently entrusted its vehicle to an uninsured motorist by failing to determine whether or not the lessee had insurance to protect third party motorists.
Dollar maintains the Louisiana Motor Vehicle Safety Responsibility Law ("LMVSRL") does not create a cause of action against a rental agency based upon the fact that the lessee was uninsured because a lessor does not have the duty to investigate whether its lessees are properly insured.

Duty to Verify Insurance
It is well entrenched in Louisiana law that the negligence of a lessee in the exclusive physical control of the object of the lease cannot be imputed to the lessor. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
The argument urged by Cenance was addressed by the First Circuit in Washington v. Stephens Leasing, Inc., 540 So.2d 433 (La.App. 1st Cir.1989). In Washington, the First Circuit reasoned the legislature intended the duty to provide insurance was delegable pertaining to rental companies. Throughout the statute, the terms "owner or lessee," "applicant," "owner or owner's lessee" indicate that the duty of obtaining and maintaining liability insurance falls upon the appropriate person in a given situation. Washington, 540 So.2d at 435. Relying on Friday v. Mutz, 483 So.2d 1269 (La.App. 4th Cir.1986), the First Circuit refused to extend a duty to verify that its lessee had insured the vehicle under the provisions of La. R.S. 32:861 et seq.
We held in Friday v. Mutz that the Louisiana's Compulsory Motor Vehicle Liability Security Law does not provide a basis for civil liability of the owner of an uninsured vehicle to an injured third party. Friday, 483 So.2d at 1271. In Friday, the plaintiff filed suit against the driver and the registered owner, Mutz, of a vehicle involved in an automobile accident. Friday argued as registered owner, Mutz was required to procure liability insurance and therefore was liable for the minimum amount of insurance required by the law.
*917 We reasoned the LMVSRL establishes penalties against those who do not insure their vehicle, but does not include liability to victims of accidents caused by uninsured vehicles. Had the Legislature intended to create such a liability, we believe it would have been specifically provided for in the statute. Id. at 1271.
In enacting the LMVSRL the legislature, apparently recognizing the unique nature of rental car agencies, specifically stated in La. R.S. 32:1041 that vehicle owners "engaged in the business of renting or leasing motor vehicles" are not required to furnish proof of financial responsibility to satisfy any judgment entered against their lessees. Hearty v. Harris, 574 So.2d 1234, 1242 (La.1991). The legislature did not intend rental agencies to bear the financial responsibility for the negligent actions of a lessee operating the leased vehicle in accordance with the terms of the lease. Id.
In the case sub judice, Dollar is a rental agency that leased a car to Tassin. Tassin did not purchase liability insurance to cover the vehicle. Tassin was involved in an accident causing injury to Cenance. Under La. R.S. 32:1041, Dollar does not have a duty to provide insurance, nor must Dollar verify whether its lessees have insurance. Under the LMVSRL, the lessee has the duty to provide insurance for the leased vehicle, not the lessor. The legislature did not intend rental agencies to bear the financial responsibility for the negligent actions of a lessee operating the leased vehicle in accordance with the terms of the lease. Therefore, we find Dollar did not have a duty to verify whether its lessee had liability insurance.

Negligent Entrustment
To prove a claim of negligent entrustment, a plaintiff must show that a lessor had actual or constructive knowledge that the lessee was incompetent or had an apparent disability at the time of the lease. Francis v. Crawford, 31,840 (La.App. 2 Cir. 5/5/99), 732 So.2d 152, 155.
The plaintiff does not allege the lessee was incompetent or had an apparent disability. Cenance claims Dollar was negligent for entrusting their car to a lessee without verifying whether or not the lessee maintained the requisite liability insurance. The Third Circuit discussed this matter in a similar case, Collette v. Ledet, 93-1581 (La.App. 3 Cir. 6/1/94), 640 So.2d 757.
In Collette, a jury found a rental company was negligent for entrusting a lessee with a vehicle who did not have liability insurance. The Third Circuit reversed the jury's decision reasoning the rental company's failure to inquire whether the lessee was insured did not constitute a legal cause of the accident. They concluded lack of insurance was not a basis for denial of a rental. Collette v. Ledet, 93-1581, p. 3 (La.App. 3 Cir. 6/1/94), 640 So.2d 757, 760. See, Joseph v. Dickerson, 99-1046, 99-1188 (La.1/19/00), 754 So.2d 912. (Lender cannot be found liable for loaning the car to a competent driver simply for the reason that she knew or should have known that her own liability insurance policy, by its terms, would not cover the driver's liability for negligently causing injury).
In the case before us, Dollar did not have a duty to provide or investigate whether Tassin had insurance before leasing her the car. We agree with the Third Circuit's reasoning that failure to inquire whether the lessee was insured did not constitute a legal cause of the accident. We will not extend this duty to a rental car company that is not legislated to provide liability insurance to its lessees. We find there is no duty to verify whether the lessee has the requisite liability insurance *918 and Dollar did not negligently entrust the vehicle to Tassin. Therefore, we affirm the trial court's decision to grant defendant's motion for summary judgment.
AFFIRMED.