| iThis case arises out of a slip-and-fall accident at Walgreens Drug Store. Defendant appeals the trial court’s ruling denying its motion for summary judgment and granting plaintiffs motion for partial summary judgment on the issue of liability. For the following reasons, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
On August 2, 2011, Ms. Jill Schroeder was walking through the aisles of a Wal-greens Drug Store (“Walgreens”) when she slipped and fell, landing on her back and head. Prior to her fall, Ms. Schroeder noticed a chair in the middle of the aisle but thought nothing of it; upon getting up, she noticed a wet floor sign. After asking to speak with a supervisor, Ms. Laura Doll, the manager, took Ms. Schroeder’s contact information but an incident report was not generated at that time. Ms. Doll recounted the event and her observations by affidavit, which was not executed until almost two years after the incident. Her affidavit included: the floor had recently been mopped after a customer spilled soda, an employee placed a wet floor sign and a chair in the area to warn customers of the potentially hazardous condition, and there was no record or surveillance recording of the area to reflect when the spill occurred and/or was cleaned. Ms. Doll’s affidavit further Instated that she personally observed that the floor was dry, Ms. Schroeder was wearing flip flops on the day of her fall, and Ms. Schroeder did not have any wet clothing.
After filing suit, Ms. Schroeder motioned for partial summary judgment on the issue of liability only. She argued that Walgreens did not exercise the requisite standard of care under La. R.S. 9:2800.6 because Walgreens’ employees had actual knowledge of the previous spill, the floor was still wet at the time she fell, and there was inadequate warning of the dangerous condition. Walgreens filed a cross-motion for summary judgment arguing that Ms. Schroeder could not prove the floor was still wet at the time she fell but could only speculate as to what happened. Wal-greens also argued that it exercised reasonable care by placing the wet floor sign and chair to warn patrons of the potentially hazardous condition.
The trial court denied Walgreens’ motion and granted Ms. Sehroeder’s motion reasoning that “[t]he facts establish that Walgreens’ employees had actual knowledge of a previous spill and the conditions existed at the time of Schroeder’s fall. The store clerk had mopped up soda off the floor, but the floor remained wet. A Walgreens employee did place one caution sign adjacent to the spill, but not on the wet area. A blue plastic chair and step stool were utilized in an attempt to caution off the area. This Court finds that an unacceptable method of notifying customers of a wet floor.”
■Walgreens filed a writ application alleging the trial judge erred in denying its *928 motion for summary judgment. The trial court then certified plaintiffs summary judgment as a final judgment pursuant to La. C.C.P. art. 1915(B)(1) and Walgreens filed an appeal requesting this Court reverse the ruling issued by the trial court and dismiss Walgreens’ lawsuit with prejudice or in the alternative, remand the case tojjbe heard on the merits. In the interest of justice and judicial efficiency, the supervisory writ application was consolidated with defendant’s appeal herein by order of this Court.
LAW AND ANALYSIS
In the two assignments of error, Wal-greens contends the trial court erred in denying its motion for summary judgment and granting plaintiffs motion for partial summary judgment. In granting Ms. Schroeder’s motion, the trial court found plaintiff established the necessary elements to prove Walgreens’ failure to maintain its floors in a reasonably safe condition was the cause of Ms. Schroeder’s fall.
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact. La. C.C.P. art. 966(B)(2).[1] The burden of proof rests with the moving party and all doubts should be resolved in the non-moving party’s favor. Cenance v. Tassin, 03-1379, p. 3 (La.App. 4 Cir. 3/3/04), 869 So.2d 913, 916 (citing Willis v. Medders, 00-2507, p. 1 (La.12/08/00), 775 So.2d 1049, 1050). Once the mover establishes a prima facie showing that the motion should be granted, the non-moving party shall present evidence to demonstrate material factual issues remain and failure to do so mandates the granting of the motion. Schultz v. Guoth, 10-0343, p. 7 (La. 1/19/11), 57 So.3d 1002,1006 (quoting Wright v. Louisiana Power & Light, 06-1181, p. 16 (La.3/9/07), 951 So.2d 1058, 1069-70); see also, La. C.C.P. art. 966(C)(2).
|4On appeal, our review of summary judgments is de novo using the same standard applied by the trial court in deciding whether summary judgment is appropriate by determining if any genuine issues of material fact exist. Francis v. Union Carbide Corp., 12-1397, p. 2 (La.App. 4 Cir. 5/8/13), 116 So.3d 858, 860, writ denied, 13-1321 (La.9/20/13), 123 So.3d 177 (citing King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177,180). An issue is genuine if reasonable persons could disagree. Smith v. Treadaway, 13-0131,' p. 4 (La.App. 4 Cir. 11/27/13), 129 So.3d 825, 828 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2312, p. 27 (La.7/5/94), 639 So.2d 730, 751). Facts are material when they “insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass’n, Inc., 2012-1634 (La.App. 4 Cir. 5/15/13), 117 So.3d 217, 222 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751).
To maintain a slip-and-fall action against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements found in La. R.S. 9:2800.6.[2] Lofton *929 v. Hayward, 2000-2019, p. 6 (La.jApp.g 4 Cir. 1/9/02), 806 So.2d 877, 882, writ denied, 2002-0286 (La.4/12/02), 813 So.2d 405 (citing Davenport v. Albertson’s Inc., 2000-00685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, writ denied, 2001-0073 (La.3/23/01), 788 So.2d 427). La. R.S. 9:2800.6 states that a merchant owes a duty to exercise reasonable care to protect its customers, to keep the premises safe from hazardous conditions, and to warn patrons of known dangers. Russell v. Morgan’s Bestway of Louisiana, LLC, 47,914, p. 5 (La.App. 2 Cir. 4/10/13), 113 So.3d 448, 452 (citing Jones v. Brookshire Grocery Co., 37,117 (La.App.2d Cir.5/14/03), 847 So.2d 43; Turner v. Brookshire Grocery Co., 34,562 (La.App.2d Cir.4/4/01), 785 So.2d 161; Ward v. ITT Specialty Risk Services, Inc., 31,990 (La.App.2d Cir.6/16/99), 739 So.2d 251, unit denied, 99-2690 (La.11/24/99), 750 So.2d 987). Under La. R.S. 9:2800.6, a plaintiff has the burden of proving that (1) the condition of the floor created an unreasonable risk of harm; (2) the risk of harm was reasonably foreseeable; (3) the merchant created or knew or should have known of said condition; (4) the merchant failed to exercise reasonable care; and (5) the condition was a cause in fact of the accident.
The presence of a hazardous condition, as required by La. R.S. 9:2800.6(B)(1), is satisfied when the fall results from an unreasonably slippery floor. Pena v. Del-champs, Inc., 2006-0364 (La.App. 1 Cir. 3/28/07), 960 So.2d 988, 991, unit denied, 2007-0875 (La.6/22/07), 959 So.2d 498 (citing Stockwell v. Great Atlantic & Pacific Tea Company, 583 So.2d 1186, 1188 (La.App. 1st Cir.1991). Whether measures taken by a merchant were reasonable must be determined in light of the circumstances of each case. Valley v. Specialty Rest. Corp., 98-0438 (La.App. 4 Cir. 1/19/99), 726 So.2d 1028, 1035, writ denied, 99-0478 (La.4/1/99), 742 So.2d 560 (citing Thompson v. Stalnalcer’s Restaurant, Inc., L93-1447, pp. 4-5 (La.App. 3 Cir. 6/1/94), 640 So.2d 733, 736, unit denied, 94-1799 (La.10/14/94), 643 So.2d 165)). Nevertheless, when proper signage is used to warn patrons of the floor’s condition, a wet floor does not create an unreasonable risk of harm. See Rowell v. Hollywood Casino Shreveport, 43,306 (La.App. 2 Cir. 9/24/08), 996 So.2d 476, 479.
In the instant case, it is acknowledged that Ms. Schroeder slipped in an area that had recently been mopped. Thus, we find the condition of the floor, created by a Walgreens’ employee, presented an unreasonable risk of harm and Ms. Schroeder’s fall was reasonably foreseeable. After the floor was mopped from the soda spill, a chair and step stool were used to caution off the area and a warning sign was placed adjacent to the wet area. In light of these *930 facts, we believe this was not an adequate or reasonable way of notifying customers of a wet floor and therefore Walgreens failed to exercise reasonable care. Accordingly, the trial court properly granted plaintiffs motion for partial summary judgment and denied defendant’s motion for summary judgment.
DECREE
For the forgoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. La. C.C.P. art. 966 was amended in 2013 and again in 2014. These amendments are not implicated in the issues presented in this appeal. See 2013 La. Acts No. 391, § 1, effective August 1, 2013, and 2014 La. Acts No. 187, § 1, effective August 1, 2014.

. La. R.S. 9:2800.6 states in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions *929 which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1)The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.